~AO 241
(Rev.12/04)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

~ 0 8 ~ 1 0 9 ~

| **United States District Court** | District: Delaware | |
|---|---|---|
| Name (under which you were convicted): Donald R. Cochran | | Docket or Case No: |
| Place of Confinement : Delaware Department of Corrections Smyrna, Delaware    1977 | Prisoner No.: 00201992 | |

| *Petitioner( include the name under which you were convicted)* | *Respondent (authorized person having custody of petitioner)* |
|---|---|
| Donald R. Cochran       v. | Thomas Carroll |

The Attorney General of the State of Delaware   Beau Biden

### PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

     Superior Court Of Kent County Delaware

     (b) Criminal docket or case number (if you know): 0102010757

2.    (a) Date of the judgment of conviction (if you know): Feb. 3, 2003

     (b) Date of sentencing: June 16, 2003

3.    Length of sentence: 32 yrs. of which 18 yrs are level 5

4.    In this case, were you convicted on more than one count or of more than one crime?     ☒ Yes    ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case:

     Assault First Degree 10 yrs level 5- Burglary First Degree 20 yrs suspened after 6 yrs level 5-

     P.D.W.D.C.F. 2 yrs. and decreasing levels of probation

6.    (a) What was your plea? (Check one)

         ☐ (1)   Not guilty      ☐ (3)   Nolo contendere (no contest)

         ☒ (2)   Guilty         ☐ (4)   Insanity plea

**FILED**

FEB 20 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

~AO 241
(Rev.12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what

did you plead guilty to and what did you plead not guilty to?
**Plead Guilty to all charges thru a Robinson Plea**

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury          ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes          ☒ No

8.    Did you appeal from the judgment of conviction?

☒ Yes          ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: **Supreme Court of Delaware**

(b) Docket or case number (if you know): **356, 2003**

(c) Result:: **Denied as untimely**

(d) Date of result (if you know): **November 12, 2003**

(e) Citation to the case (if you know):

(f) Grounds raised: **Failure to file Pretrial Motion to Dismiss, Violations of Speedy Trial/ I.A.D. Agreement**

(g) Did you seek further review by a higher state court?    ☐ Yes          ☒ No

If yes, answer the following:

(1) Name of court: **X**

(2) Docket or case number (if you know): **X**

(3) Result: **X**

(4) Date of result (if you know): **X**

~AO 241

(Rev.12/04)

Page 4

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

    If yes, answer the following:

    (1) Docket or case number (if you know):

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions
    concerning this judgment of conviction in any state court?        ☒ Yes        ☐ No

11    If your answer to Question 10 was "Yes," give the following information:

    (a)    (1) Name of court: Superior Court

        (2) Docket or case number (if you know): 156,2005

        (3) Date of filing (if you know): September, 2003

        (4) Nature of the proceeding: Sentence Modification

        (5) Grounds raised: Extraordinary Circumstances, Mitigating Circumstances

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
        ☐ Yes        ☒ No

        (7) Result: Denied

        (8) Date of result (if you know): December 8, 2005

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Superior Court

(2) Docket or case number (if you know): 0102010757

(3) Date of filing (if you know): February, 2006

(4) Nature of the proceeding: Motion For Postconviction Relief Rule 61

(5) Grounds raised: Violation of Speedy Trial/Lack of Jurisdiction/Failure to Comply with I.A.D.

Agreement/Untimely Indictment/Ineffective Assistance of Counsel/Failure to Evidentiary Hearing to Determine

Competency/Lack of Mitigating Evidence

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: Denied

(8) Date of result (if you know): January 22, 2007

(c) If you filed any third petition, application, or motion, give the same

information:

(1) Name of court: Superior Court

(2) Docket or case number (if you know): 0102010757

(3) Date of filing (if you know): December 27, 2006

(4) Nature of the proceeding: Motion For Correction Of An Illegal Sentence

(5) Grounds raised: Violation of Ex Post Facto Clause/Apprendi Violation when Courts sentence

exceeded the Statutory Maximum of sentencing guidelines/Sentence is Unconstitutional imposed where counsel was

ineffective to recognize these violations

~AO 241
Rev.12/04)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or

   motion?

☐ Yes    ☒ No

(7) Result: Part. Granted/Denied

(8) Date of result (if you know): January 22, 2007

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

| | | |
|---|---|---|
| (1) First petition: | ☒ Yes | ☐ No |
| (2) Second petition: | ☒ Yes | ☐ No |
| (3) Third petition: | ☒ Yes | ☐ No |

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

### GROUND ONE: Violation of I.A.D. Agreement/Speedy Trial,/Lack of Jurisdiction/Untimely Indictment

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Delaware failed to bring petitioner back to Delaware within the 180 day period of I.A.D. Agreement which in turn violated petitioners Right to a Speedy Trial which is to be had within 120 days under the I.A.D. Jurisdiction was lost after failing to comply with the 180 day clause of I.A.D. And Delaware failed to Indict petitioner in a timely fashion causing unnecessary delay.

(b) If you did not exhaust your state remedies on Ground One, explain why:

~AO 241                                                                                      Page 7
(Rev. 12/04)

(c)     **Direct Appeal of Ground One:**
        (1) if you appealed from the judgment of conviction, did you raise this issue?        ☒ Yes ☐ No

        (2) if you did not raise this issue in your direct appeal, explain why:


(d) **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state
        trial court?

               ☒ Yes    ☐ No

        (2) if your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: Post/Conviction Relief Motion

        Name and location of the court where the motion or petition was filed: Superior Court of Kent County

        Delaware

        Docket or case number (if you know): 0102010757

        Date of the court's decision: Jan. 22, 2007

        Result (attach a copy of the court's opinion or order, if available): Denied

        (3) Did you receive a hearing on your motion or petition?                     ☐ Yes      ☒ No
        (4) Did you appeal from the denial of your motion or petition?                ☒ Yes      ☒ No
        (5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal   ☒ Yes      ☐ No
        (6) If your answer to Question (d) (4) is "Yes," state:

        Name and location of the court where the appeal was filed: Supreme Court of Delaware

        Docket or case number (if you know): 49, 2007

        Date of the court's decision: May 17, 2007

        Result (attach a copy of the court's opinion or order, if available): Denied

        (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

~AO 241
(Rev. 12/04)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

### GROUND TWO: Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Counsel was ineffective for failing to file Pretrial Motion to Dismiss, failing to investigate violations of I.A.D. Agreement/Speedy Trial, failing to investigate Competency Issues and ask for Evidentiary Hearing to determine Competency, failing to investigate Mitigating Evidence and present it to the Court at sentencing, failing to investigate any information or Law, from which Counsel allowed petitioner to enter into an Unconstitutional Plea that had a Illegal Sentence due to Counsels faulty legal advise of incorrect Maximum Sentence Guidelines which renders the Plea invalid, all around Counsel was ineffective and just plain failed to investigate or prepare for anything in this case.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Can not raise this ground on direct appeal.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

     ☒ Yes ☐ No

(2) If your answer to Question (d) (I) is "Yes," state:

Type of motion or petition: Post-Conviction Relief Motion

Name and location of the court where the motion or petition was filed: Superior Court of Kent County Delaware

Docket or case number (if you know): 0102010757

Date of the court's decision: Jan. 22, 2007

--AO 241
(Rev 12/04)

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?                                    ☐ Yes      ☒ No

(4) Did you appeal from the denial of your motion or petition                                ☒ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?       ☒ Yes      ☐ No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Delaware

Docket or case number (if you know): 49, 2007

Date of the court's decision: May 17, 2007

Result (attach a copy of the court's opinion or order, if available): Denied

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

**GROUND THREE:** Failing to Hold Evidentiary Hearing to Determine Competency

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): There is evidence that petitioners Mental State is questionable, once there is question of a defendants Mental State an Evidentiary Hearing is to be heard to see if defendant had the knowledge to understand the factual nature of the proceedings. There are records/reports made by the States own Psychiartrist that petitioner suffered from a Mental Disease which required petitioner to be treated at the Delaware Psychiartric Center this information was never presented to the Court to be considered that these Mental Issues played a part in petitioners case.

~AO 241
(Rev. 12/04)

(b)     If you did not exhaust your state remedies on Ground Three, explain why?

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes     ☒ No

(2) (f you did not raise this issue in your direct appeal, explain why: Direct Appeal was denied as untimely

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ☒ Yes          ☐ No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: Post-Conviction Relief Motion

Name and location of the court where the motion or petition was filed: Superior Court of Kent County Delaware

Docket or case number (if you know): 0102010757

Date of the court's decision: Jan. 22, 2007

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?          ☐ Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?          ☒ Yes     ☐ No

(5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal?          ☒ Yes     ☐ No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Delaware

Docket or case number (if you know): 49, 2007

Date of the court's decision: May 17, 2007

Result (attach a copy of the court's opinion or order, if available): Denied

~AO 241                                                                                                    Page 11
(Rev.12/04)

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

(e)             **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used exhaust your state remedies on Ground Three:

**GROUND FOUR:** Lack of Mitigating Evidence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioners Counsel and the P.S.I. Report fail to address the Mitigating Evidence and present it to the Court at sentencing and the P.S.I. Report fails to acknowledge this information and is full of inconsistencies, incorrect fact findings and the reporter Jim Sherperd fails to interview all people relevant in showing a different side to this case. Also petitioner did not have chance to review the P.S.I. Report before being sentenced therefore was unable to object to the inconsistencies of the report.This claim was never answered by the State of Delaware or by the Court, this should rendered this claim admitted. Petioner has a right for all Mitigating Evidence to presented and considered for a chance of a better outcome in this case.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)             **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue                    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Direct Appeal was denied as untimely

(d)             **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state: Yes

Type of motion or petition: Post-Conviction Relief Motion

~AO 241
(Rev.12/04)

Name and location of the court where the motion or petition was filed: Superior Court of Kent County Delaware

Docket or case number (if you know): 0102010757

Date of the court's decision: Jan. 22, 2007

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?                     ☐ Yes      ☒ No

(4) Did you appeal from the denial of your motion or petition?                ☒ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Delaware

Docket or case number (if you know): 49, 2007

Date of the court's decision: May 17, 2007

Result (attach a copy of the court's opinion or order, if available): Denied

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:


(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
         have used to exhaust your state remedies on Ground Four:

## Additional Ground Under 28 U.S.C. § 2254

**GROUND FIVE:** Failure of Counsel to answer allegations and State of Delaware's February 8th letter to the Inferior Court concering Mitigating Factors, requires reversal of the Inferior Courts decision to Deny Post-Conviction on the ground there was Lack of Mitigating Evidence.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):   There was curical Mitigating Evidence that was never presented before the Lower Court. The Petitioner has reports and records of his stay at the Delaware Psychiatric Center which proves that his Mental State was questionable. Petitioners Counsel fails to investigate this information and to present it to the Lower Court also Petitioners P.S.I. report fails to present this information for the Lower Court to consider. This Mitigating Evidence was very favorable to the Petitioners case Petitioners Constitiutional Rights were violated by not be able to present Mitigating Evidence before the Lower Court which prejudice the Petitioner out of a better chance for a better outcome to his case. Petitioners Counsel fails to answer to the allegations of the lack of Mitigating Evidence which as matter of the Law the Lower Court was to find a ruling in favor of Petitioner that the Lack of Mitigating Evidence render's the entire proceedings fundamemtally unfair and prejudical to the Petitioner and his case.

(b) If you did not exhaust your state remedies on Ground X , explain why:

(c)    **Direct Appeal of Ground Five:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes      ☒ No

(2) if you did not raise this issue in your direct appeal explain why:   Direct Appeal was denied as

Untimely

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: Post-Conviction Relief Motion

Name and location of the court where the motion or petition was filed:   Superior Court of Kent County Delaware

Docket or case number (if you know):   0102010757

Date of the court's decision:  Jan. 22, 2007

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                  ☐ Yes      ☒ No

(4) Did you appeal from the denial of your motion or petition?             ☒ Yes      ☐ No

(5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal      ☒ Yes      ☐ No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Delaware

Docket or case number (if you know):  49, 2007

Date of the court's decision: May 17, 2007

Result (attach a copy of the court's opinion or order, if available):   Denied

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.)
that you have used to exhaust your state remedies on Ground Five:  X

## Additional Ground Under 28 U.S.C. § 2254

**GROUND SIX :** Plea that was entered into Unknowingly, Involuntarily, and Unintelligently must be set aside where (1) Court's failure to notify Appellant of correct Maximum Sentence before Plea negotiations began : and (2) Counsel gave Faulty Legal Advice to Defendant and Court as to the Sentencing Guidelines and Maximum Sentence that the Court was authorized to impose Invalidates Appellants Plea and Conviction -- Requiring this Honorable Court to reverse the Lower Court of Delawares decision to Deny Post-Conviction Relief and remand this case back to the Lower Court of Delaware for futher proceedings.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Due to the fact that Petitioner was given Faulty Legal advice by his Counsel that led Petitioner to enter into a Plea Agreement that carried a Illegal Sentence renders the Plea Agreement and the proceedings Invalid because the Plea Agreement was not enter into Knowingly, Voluntarily, or Intelligently where Petitioner did not know the Correct Minimum, and Maximum Sentence Guidelines. A Conviction on a Guilty Plea that is enterd solely as result of Faulty Legal advice is a Misscarriage of Justice. A Plea Agreement has to be Knowingly, Voluntarily and Intelligently made to be Legally Binding. Therefore, this Plea Agreement is Invalid and must be set a side in the Interest of Justice.

(b) If you did not exhaust your state remedies on Ground SIX, explain why: X

(c)    **Direct Appeal of Ground SIX :**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) if you did not raise this issue in your direct appeal explain why: Direct Appeal was denied as Untimely

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: Post Conviction Relief Motion

Name and location of the court where the motion or petition was filed: Superior Court of Kent County Delaware

Docket or case number (if you know): 0102010757

Date of the court's decision: Jan. 22, 2007

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal    ☒ Yes    ☐ No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Delaware

Docket or case number (if you know): 49, 2007

Date of the court's decision: May 17, 2007

Result (attach a copy of the court's opinion or order, if available): Denied

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground  SIX :  X

## Additional Ground Under 28 U.S.C. § 2254

**GROUND SEVEN : Violation of Due Process, Abuse of Discretion, and Clear Error where the Lower Court of Delaware made a Professional Error to base its decision solely on the Commissioners Report and Recommendation without applying its own Fact Finding and Legal Conclusions Requires reversal and Remand now that a Procedural Defect has surfaced.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Superior Court Judge did not review the record to determine whether competent evidence supports the Commissioners Report and Recommendation and that the Commissioners Report, conclusions of Law are not Erroneous. Where there are several Errors, a reviewing Court must cumulative effect to determine whether there was Plain Error. Now that its clear that there was Plain Error on the Correct Minimum and Maximum Sentence Guidelines it renders setting aside the Plea to Mitigate the Errors. Also there is Abuse of Discretion by the Lower Court for not answering all Petitioners claims and for not requesting the State of Delaware and Petitioners Counsel to answer to Petitioners claims.

(b) If you did not exhaust your state remedies on Ground  X , explain why:

(c) **Direct Appeal of Ground  Seven :**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☒ No

(2) if you did not raise this issue in your direct appeal explain why: Direct Appeal was Denied as Untimely

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐Yes   ☒ No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: X

Name and location of the court where the motion or petition was filed: X

Docket or case number (if you know): X

Date of the court's decision: X

Result (attach a copy of the court's opinion or order, if available): X

(3) Did you receive a hearing on your motion or petition?     ☐Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☒Yes     ☐ No

(5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal     ☒Yes     ☐ No

(6) If your answer to Question (d) (4) is "Yes," state: On Post-Conviction Appeal claims where raised

Name and location of the court where the appeal was filed: Supreme Court of Delaware

Docket or case number (if you know): 49, 2007

Date of the court's decision: May 17, 2007

Result (attach a copy of the court's opinion or order, if available): Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: X

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground  Seven :

## Additional Ground Under 28 U.S.C. § 2254

**GROUND EIGHT : Direct Appeal was Unconstitutionally Denied as being Untimely filed which renders the Proceedings Invalid**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):Petitioner was Sentenced on June 16, 2003 and had 30 days to file a Timely Direct Appeal the Direct Appeal had to be there on or before July 16, 2003. Petitioners Direct Appeal was airmailed in over night mail on a Tuesday July 15, 2003 which puts the Direct Appeal there the next day on July 16, 2007 which was the deadline for the Appeal to be filed the Direct Appeal was there within the 30 days required. The Direct Appeal was Unconstitutionally Denied it was there on the deadline date this calls for reversal of the Supreme Court of Delaware's decision.

(b) If you did not exhaust your state remedies on Ground SEVEN , explain why: A Direct Appeal can not be Appealed.

(c)　　**Direct Appeal of Ground SEVEN :**

　　　　(1) If you appealed from the judgment of conviction, did you raise this issue?　　　☐ Yes　　☒ No

　　　　(2) if you did not raise this issue in your direct appeal explain why:  A Direct Appeal can not be

　　　　Appealed.

(d) **Post-Conviction Proceedings:**

　　　　(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　　　　　☐Yes　☒ No

　　　　(2) If your answer to Question (d)(1) is "Yes," state:

　　　　Type of motion or petition: X

　　　　Name and location of the court where the motion or petition was filed: X

　　　　Docket or case number (if you know): X

　　　　Date of the court's decision: X

　　　　Result (attach a copy of the court's opinion or order, if available): X

　　　　(3) Did you receive a hearing on your motion or petition?　　　　　　　　　　☐Yes　☒ No

　　　　(4) Did you appeal from the denial of your motion or petition?　　　　　　　　☐Yes　☒ No

　　　　(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal　　☐Yes　☒ No

　　　　(6) If your answer to Question (d)(4) is "Yes," state: X

　　　　Name and location of the court where the appeal was filed: X

　　　　Docket or case number (if you know): X

　　　　Date of the court's decision: X

　　　　Result (attach a copy of the court's opinion or order, if available): X

　　　　(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:X

(c) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground SEVEN:

~AO 241
(Rev. 12/04)

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction'? ☒ Yes   ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:   X

(b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:   NO

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date *of* the court's decision, and the result for each petition, application, or motion filed. .Attach a copy of any court opinion or order, if available.   X

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.   X

~AO 241
(Rev.12/04)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment
you are challenging:

(a) At preliminary hearing:          none

(b) At arraignment and plea:         Joseph Bernstein
                                     800 N. King St. 302 Wilm. De 19801

(c) At trial:                        none

(d) At sentencing:                   Joseph Bernstein

(e) On appeal:                       Pro Se

(f) In any post-conviction proceeding:   Pro Se

(g) On appeal from any ruling against you in a post-conviction proceeding: Pro Se

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are
challenging?      ☐ Yes   ☒ No
(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
X

(b) Give the date the other sentence was imposed: X

(c) Give the length of the other sentence: X

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?
              ☐ Yes   ☒ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-
year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner has been exhausting the state remedies which has to be done before filing for Federal Habeas this is
cause for the delay in filing for Federal Relief.

Date: 2-16-08

Respectfully Submitted
Donald Cochran
Donald. Cochran
D. C. C.
1181 Paddock Road
Smurna. Delaware
19977

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

**DONALD R. COCHRAN**
        **Appellant,**
        **Petitioner**

                                                    **Case No:**

V.

**THOMAS CARROLL (warden)**
        **Appellee,**
         **Defendant**

## MEMORANDUM OF LAW IN SUPPORT OF WRIT OF HABEAS CORPUS

Dated : 2 - 16 - 08

                                        *Donald Cochran*
                                        **Donald R. Cochran**
                                        **D.C.C. #201992**
                                        **1181 Paddock Road**
                                        **Smyrna, Delaware 19977**

# TABLE OF CONTENTS

<u>DESCRIPTION</u>                                                        <u>Page No.</u>

<u>Table of Contents</u>  ……………………………………………………....     **i**

<u>Table of Citation/Authorities</u>  …………………………………………     **ii**

<u>Nature and Stage of Proceedings</u>  ……………………………………..     **v**

<u>Procedural Relief</u>  …………………………………………………...     **vii**

<u>Summary of Arguments</u>  …………………………………………………     **viii**

<u>Statements of Facts</u>  …………………………………………………     **x**

<u>Arguments :</u>

|       |                                                                                      |      |
|-------|--------------------------------------------------------------------------------------|------|
| I.    | Speedy Trial/Lack of Jurisdiction-Failure to Comply with I.A.D. Agreement/ Untimely Indictment  ……………………………………………… | 1    |
| II.   | Ineffective Assistance of Counsel  ……………………………………….. | 3    |
| III.  | Failure to Hold Evidentiary Hearing  …………………………………… | 8    |
| IV.   | Lack of Mitigating Evidence  …………………………………….,……... | 10   |
| V.    | Failure of Counsel to Answer Allegations and State's February 8, Letter to the Inferior Court Concerning Mitigating Factors, Requires Reversal of the Inferior Courts Decision to Deny Post-Conviction on the Ground there was Lack of migigating Evidence · · · · · · · · · · · · · · · · · | 16   |
| VI.   | Plea that was Entered Into Unknowingly, Involuntarily, and Unintelligently Must be Set Aside Where : (1) Courts Failure to Notify Appellant of Correct Maximum Sentence Before Plea Negotiations Began : (2) Counsel Gave Faulty Legal Advice to Defendant and Court as to the Sentencing Guidelines And Maximum Sentence that Court was to Impose Invalidates Appellauts Plea and Conviction Requiring this Honorable Court to Reverse the Lower Courts Decision to Deny Post-Conviction Relief and Remand it Back to the Lower Court For Further Proceedings  …………………………………….. | 18   |
| VII.  | Violation of Due Process, Abuse of Discretion, aud Clear Error Where the Lower Court Made a Professional Error to Base its Decision Solely on the Commissioners Report and Recommendation Without Applying its Owu Fact Finding and Legal Conclusions Requires Reversal and Remand Now that a Procedural Defect Has Surfaced  …………………………………….. | 20   |
| VIII. | Direct Appeal was Unconstitutionally Denied as Being Untimely Filed Renders the Proceedings Invalid  ………………………………………….. | 22   |

<u>Conclusion</u>  ……………………………………………………………….     **24**

<u>Relief</u>  ………………………………………………………………………     **25**

## TABLE OF CITATIONS / AUTHORITIES

**CASES**                                                                     **PAGE NO(S).**

Brewer v. Aiken  7th Cir. (1991) 935 F.3d 850,855 ……………………………………………    6

Burnett v. Hargett  10th Cir. (1999) 174 F.3d 1128 …………………………………………    5

Dusky v. U.S.  (1960) 362 U.S. 402  …………………………………………………………    8

Emerson v. Gramley  7th Cir. (1996) 91 F.3d 898, 906 ……………………………………    6

Godinez v. Moran  (1993) 113 S.Ct. 2680, 2688  ……………………………………………    8

Hall v. Washington   7th Cir. (1997) 106 F.3d 742 ……………………………………………    3

Harris v. State  Del.Supr. (1979) 410 A.2d 500, 502 ………………………………………   6,8

Hill v. Lockhart  (1985) 474 U.S. 52  …………………………………………………………    5

Hill v. Lockhart  8th Cir. (1989) 877F.2d 698 ………………………………………………    5

Howard v. State  Del.Supr. (1983) 458 A.2d 1184-85 …………………………………………    5

Jermyn v. Horn  3rd Cir. (2001) 266 F.3d 257,310-11 ………………………………………   16

Kansas v. Hendricks  (1997) 521 U.S. 346 ……………………………………………………   8,9

Kubat v. Thieret  7th Cir. (1989) 867 F.2d 351,369 …………………………………………    7

MacDonald v. State  Del.Supr. (2001) 778 A.2d 1064 ………………………………………    5

Maryland v. Brady  (1963) 373 U.S. 83  ………………………………………………………   6,10

McCarthy v. U.S.  (1969) 394 U.S. 459,465  ………………………………………………   18,20

McCoy v. Wainwright   11th Cir. (1986) 804 F.2d 1196 ………………………………………    5

Middlebrook v. State  Del.Supr. (2002) 802 A.2d 268,273 …………………………………   2,3

Monroe v. State  Del.Supr. (2005) ___ A.2d ____ (2005WL3027680) ………………………   11

Outten v. Kearney  3rd Cir. (2006) 464 F.3d 401,419-21 at [14] ……………………………   16

Patterson v. State  Del.Supr. (1996) 684 A.2d 1234,1239 …………………………………   18,20

Pennsylvania v. Ritchie  (1987) 480 U.S. 39, 57 ………………………………………………   10

Pierson v. State  Del.Supr. (1973) 311 A.2d 854, app. after rem. 338 A.2d 571 ……………    2

Robinson v. State  Del.Supr. (1991) 600 A.2d 356, 360 ……………………………………   4,13

**CASES**                                                          **PAGE NO(S).**

Shockley v. State  Del.Supr. (1989) 565 A.2d 1373 ....................................................... 16,18,20

Somerville v. State  Del.Supr. (1997) 703 A.2d 629 ................................................................... 4

State v. Knox  Del.Super. (Feb. 26, 2003) ___ A.2d ___, aff'd Del.Supr. (2003) 826 A.2d 298 ...   4,8

State v. Pruitt  Del.Supr. (2002) 805 A.2d 177 ............................................................   2

State v. Pryer  Del.Supr. (Oct. 11,2001) ___ A.2d ___ ................................................   5

State v. Woolford  Del.Super. (2002) ___ A.2d ____ (2002WL1343827) .............................   18,19

Strickland v. Washington  (1984) 404 U.S. 668,689-95 .................................................... 6,7,16

Upshaw v. Singletary  11th Cir. (1995) 76 F.3d 576 ...................................................... 3

U.S. v. Browning  10th Cir. (1995) 61 F.3d 752,753 .........................................................18,19,20

U.S. v. ex.rel. Hollerman  N.D. Ill (1986) 652 F.Supp. 82 ................................................. 3

U.S. v. Gigot  10th Cir. (1998) 147 F.3d 1193 ............................................................... 18,19

U.S. v. Guerra  5th Cir. (1996) 94 F.3d 989, 995 ............................................................ 18,19

U.S. v. Kauffman  3rd Cir. (1997) 109 F.3d 186 ............................................................ 6,8,10

U.S. v. Marion  (1971) 404 U.S. 307,320 ....................................................................   2,3

U.S. v. Scott  5th Cir. (1981) 625 F.2d 623 ...............................................................   5

U.S. v. Timmerick (1979) 441 U.S. 780 ....................................................................   5

U.S. v. Williams  3rd Cir. (1980) 615 F.2d 585 ............................................................   3

U.S. v. Yekeler  3rd Cir. (1995) 62 F.3d 544,550 ..........................................................   10

Washington v. Texas  (1967) 388 U.S. 14,18-19 ...........................................................   10

Webb v. State  Del.Supr. (2005) ___ A.2d ____ (App. No. 183, 2005) ...............................   20

Weeks v. State  Del.Supr. (1995) 653 A.2d 266,270 .....................................................   8

Wells v. State  Del.Supr. (1978) 396 A.2d 161 ............................................................ 18,19

Wright v. State  Del.Supr. (1979) 405 A.2d 685 ..........................................................   20

**FEDERAL CONSTITUTIONAL AUTHORITIES**                    **PAGE NO(S).**

I.A.D. ACT — "Interstate Agreement on Detainers Act" ………………………………………    1

SPEEDY TRIAL ACT ……………………………………………………………………………    1

VI AMENDMENT U.S.C.A. — "Sixth Amendment" ………………………………… 1,2,6,10,17

XIV AMENDMENT U.S.C.A. — "Fourteenth Amendment" ……………………………….. 2,10


**FEDERAL RULES**

Rule 11 Fed.R.of Crim.Proc. …………………………………………………………………...8,18,20


**STATE CONSTITUTION**

DEL.CONST.ART. I § 7 …………………………………………………………………………    1,2


**STATE STATUTES**

11 DEL.C. § 2542 ………………………………………………………………………………..    1,2

11 DEL.C. § 4331 (d) ……………………………………………………………………………..    11


**STATE RULES**

Rule 11 (d) Super.Ct.Cr.R. …………………………………………………………………………    5

Rule 48 Super.Ct.Cr.R. …………………………………………………………………………..    2

Rule 61 & 61 (d) Super.Ct.Cr.R. ………………………………………………………………....    20

## NATURE AND STAGE OF THE PROCEEDINGS

On February 12, 2001 an arrest warrant was issued for Petitioner out of Kent County Delaware. On August 28, 2001 Petitioner waived extradition the first time and the State of Delaware failed to bring Petitioner back to Delaware within the 180 day time period required of the I.A.D. Agreement. Delaware fails to answer back to Florida Officials after many attempts made to Delaware. On January 10, 2002 Petitioner was indicted, this indictment was untimely. On August 28, 2002 Petitioner was made to sign extradition again by telling Petitioner this was the procedure after first waving extradition. Petitioner was made to waive extradition the second time due to the fact that Delaware failed to bring Petitioner back to Delaware within the 180 day clause under the I.A.D. the first time, this was unconstitutional. On February 3, 2003 Petitioner entered into a Robinson Plea, which is admission of no guilt in the Superior Court of Kent County Delaware. Petitioner was sentenced on June 16, 2003 which turned out to be an illegal sentence. Petitioner filed a direct appeal which was dismissed as untimely. Petitioner files two Motions of Modification of Sentence in the Superior Court of Kent County Delaware in which the Petitioner appeals the second Modification of Sentence to the Supreme Court of Delaware due to the fact that the judge initially recused himself from this case because he knows the victim and her family real good. But than comes back and denied Petitioners second Motion to Modify the sentence. This appealed was denied, Petitioner than files a Post-Conviction Relief Motion to the Superior Court in Kent County Delaware which was denied. Petitioner than appeals this to the Supreme Court of Delaware which was denied, while waiting on the decision of the Post-Conviction Motion Petitioner filed a Motion for Correction of an Illegal Sentence in the Superior Court of Kent County Delaware this Motion was in part granted in part denied. Petitioner appeals this decision to the Supreme Court of Delaware. Petitioner has been denied on all his Motions

filed in the Lower Courts. This calls for Petitioner to file a Writ of Habeas Corpus before this Honorable Court, since Petitioner has sought relief on all these grounds to the highest Court in his State and due to the fact that the Lower Courts have failed to recognize the violations of the Petitioners Constitutional Rights and the errors made in this case which have prejudice the Petitioner.

## PROCEDURAL RELIEF

Petitioner has filed all these grounds before the States Highest Court and Petitioner is being denied any relief from the violations Petitioners Constitutional Rights and the errors made in sentencing Petitioner to an Illegal Sentence which enhanced Petitioners Level 5 time sentence. Without the protection of this Honorable Court the violations will stay in effect which is a violation of Due Process of the Law and is a Miscarriage Justice. Petitioner asks this Honorable to review this Motion and apply the Law and reverse the Lower Courts decisions. Therefore Petitioner has no other adjudicated remedy at Law to address these issues except through Federal Writ of Habeas Corpus.

## SUMMARY OF THE ARGUMENTS

I.  SPEEDY TRIAL/LACK OF JURISDICTION—FAILURE TO COMPLY WITH I.A.D.
    AGREEMENT/UNTIMELY INDICTMENT.

II. INEFFECTIVE ASSISTANCE OF COUNSEL

III. FAILURE TO HOLD EVIDENTIARY HEARING TO DETERMINE COMPETENCY.

IV. LACK OF MITIGATING EVIDENCE.

V.  FAILURE OF COUNSEL TO ANSWER ALLEGATIONS AND STATE'S FEBRUARY 8,
    2007 LETTER TO THE INFERIOR COURT CONCERNING MITIGATING FACTORS,
    REQUIRES REVERSAL OF THE INFERIOR COURT'S DECISION TO DENY POST-
    CONVICTION RELIEF ON THE GROUND THERE WAS LACK OF MITIGATING
    EVIDENCE.

VI. PLEA THAT WAS ENTERED INTO UNKNOWINGLY, INVOLUNTARILY, AND
    UNINTELLIGENTLY MUST BE SET ASIDE WHERE: (1) COURT'S FAILURE TO
    NOTIFY APPELLANT OF CORRECT MAXIMUM SENTENCE BEFORE PLEA
    NEGOTIATIONS BEGAN; AND (2) COUNSEL GAVE FAULTY LEGAL ADVICE TO
    DEFENDANT AND COURT AS TO THE SENTENCING GUIDELINES AND
    MAXIMUM SENTENCE THAT THE COURT WAS AUTHORIZED TO IMPOSE
    INVALIDATES APPELLANT'S PLEA AND CONVICTION—REQUIRING THIS
    APPELLATE COURT TO REVERSE THE INFERIOR COURT'S DECISION TO DENY
    POST-CONVICTION RELIEF AND REMAND FOR FURTHER PROCEEDINGS.

VII. VIOLATION OF DUE PROCESS, ABUSE OF DISCRETION, AND CLEAR ERROR
    WHERE THE INFERIOR COURT MADE A PROFESSIONAL ERROR TO BASE ITS
    DECISION SOLELY ON THE COMMISSIONER'S REPORT AND
    RECOMMENDATION WITHOUT APPLYING ITS OWN FACTFINDING AND LEGAL

CONCLUSIONS REQUIRES REVERSAL AND REMAND NOW THAT A

PROCEDURAL DEFECT HAS SURFACED.

## STATEMENT OF FACTS

On February 12, 2001, an incident was called into police that the alleged victim (Mrs. Naylor) stated that Appellant was responsible for kicking in her front door and some type of assault happened. Upon the recollection of Appellant, he has no memory past the point where he kicked in the front door of Mrs. Naylor's house looking for her son for him to answer why he was cheating with Appellant's girlfriend behind his back. The rest is a matter of record.

## I.    SPEEDY TRIAL/ LACK OF JURISDICTION— FAILURE TO COMPLY WITH I.A.D. AGREEMENT/ UNTIMELY INDICTMENT.

**ARGUMENT:**

Under the clearly established Law on the Insterstate Agreement On Detainers Act, Petitioner contends that his rights were violated and the jurisdiction of the inferior Court was lost. It states under extradition that once extradition has been signed , the state where the charges are pending than has jurisdiction of 180 days to bring defendant to that jurisdiction and have trial commenced on the charges pending. Failure to comply with the 180 day trial clause of the Insterstate Agreement on Detainers Act and failure to commence trial within the 365 day stipulation of the Speedy Trial Act both statutes and constitution call for dismissal under the circumstances; 11 Del.C. § 2542, Sixth Amendment U.S.C.A., and Del.Const.Art. I § 7. This jurisdiction and the inferior Court was first alerted and notified of petitioner's willingness and availability to be brought back to this jurisdiction on the day that petitioner signed and waived extradition on August 28, 2001,(A-45). Also given notice in a  Plea Agreement from Florida, (A-46 thru -49). Delaware further had knowledge of petitioner's availability to be brought back to this jurisdiction when Florida again made it clear in their plea agreement that petitioner's sentence would and could run concurrent with any sentence imposed by Delaware officials; again clearly stating petitioner awaits extradition. During a period between October 4, 2001 thru May 12, 2002, petitioner wrote Delaware three letters, (A-48 thru -50), asking to be brought back to Delaware for his right to a speedy trial. In another attempt, petitioner contacted Florida officials asking for their help to be brought back to Delaware. Florida officials said they tried to contact Delaware about this matter, but Delaware officials never bothered to answer them back, (A-51). This shows and proves petitioner made many efforts to be brought back to Delaware for his right to a speedy trial. There was ample notification and efforts made for petitioner to be brought back to Delaware. Delaware ignored and failed to bring petitioner back to this jurisdiction in time for his right to a speedy trial. By bringing petitioner back to this jurisdiction on October 24, 2002, 14 months after petitioner first signed extradition; Delaware violated petitioner's right to Due Process and violated the Law secured by the I.A.D. Act which, in turn, violated

- 1 -

The Speedy Trial Act. Where under the Law warrants these charges to be dismissed. This is the Law of this State and all other states and is the petitioner's right under the laws of the Fourteenth Amendment. For any court to proceed, it must have jurisdiction to do so. Even though a court of law may have jurisdiction at the beginning of the proceedings. Jurisdiction may also be lost during its proceedings for violating the rights of a defendant. At the point where jurisdiction is lost, any proceedings after that point are invalid! Petitioner was charged with these offenses on February 12, 2001; petitioner was not indicted on these charges until January 10, 2002, (A-52), 11 months after being charged with these offenses. An indictment is to be handed down by the Grand Jury within 2 terms and the case is to be tried within 1 year. (See Middlebrook v. State Del.Supr. (2002) 802 A.2d 268, 273). "Our Supreme Court has stated that a 75-day delay following an arrest without either a preliminary hearing or indictment violates one's rights." (See Pierson v. State Del.Supr. (1973) 311 A.2d 854, app. after rem., 338 A.2d 571). Dismissal is required where such a delay is attributable to the State; Super.Ct.Cr.R. Rule 48. (See State v. Pruitt Del.Supr. (2002) 805 A.2d 177). The delay of over more than [1] one year before trying the case after petitioner first initially waived his right to be extradited to this jurisdiction for the purpose of disposing of the outstanding charges violates petitioner's speedy trial rights and warrants dismissal under the provisions of the statutes and constitutions; 11 Del.C. § 2542, Sixth Amendment U.S.C.A., Del.Const.Art. I § 7. (Middlebrook at 273,275—citing U.S. v. Marion (1971) 404 U.S. 307, 320).

## II.    INEFFECTIVE ASSISTANCE OF COUNSEL.

### ARGUMENT:

Counsel for petitioner was clearly ineffective when we look at the totality of the circumstances. Counsel, Joe Bernstein had an obligation to file Pretrial Motions to dismiss for violations of Extradition Laws and Speedy Trial.(See U.S. v. Williams 3rd Cir. (1980) 615 F.2d 585; (Also U.S. ex. rel. Hollerman N.D.Ill. (1986) 652 F.Supp. 82—Post Strickland v. Washington); (Also Middlebrook citing Marion). Had counsel filed standard pretrial motions, he would have discovered records and reports by State's own physician on my admittance to Delaware Psychiatric Center, which shows and states petitioner's mental state is questionable, (A-53 thru -55). Counsel had been advised about petitioner's mental problems, but again counsel ignored and failed to investigate this information; or advise the Court of this matter which is a mitigating factor. Failure to investigate and present defense and mitigating circumstances regarding a defendant's mental state, constitutes ineffective assistance of counsel and calls for an evidentiary hearing. (See Upshaw v. Singletary 11th Cir. (1995) 76 F.3d 576); (Also Hall v. Washington 7th Cir. (1997) 106 F.3d 742). Counsel, Bernstein was hired because he claimed he was an expert on extradition laws. In a certified affidavit from petitioner's mother Carole Richardson who hired Bernstein will explain how and why Bernstein was hired; (A-56 & -57). In a certified affidavit from petitioner, Donald R. Cochran; it touches on the events that took place when Bernstein took petitioners case. How Bernstein drafted a Motion for dismissal from a motion he took from petitioner. Bernstein promised to file that Motion for Dismassal, but never did. Instead, he talks petitioner out of filing that Motion for Dismissal; and coerced petitioner into taking plea by making promises that never happened and by saying that by wasting the Court's time, (A-84 & -85), would only make the prosecutor and judge angry giving petitioner 50 years. Bernstein and petitioner argued over this matter for a while. Bernstein said he would get petitioner a Robinson Plea because of mental problems and as mentioned in transcripts where petitioner states he blacked out, (A-58 & -62), and Bernstein said that petitioner would get 7 to 9 yrs. L. 5 no more; the rest

- 3 -

would be probation. This didn't happen in this case. From evidence according to the State's own psychiatrist, (A-53 thru -55), it states that petitioner was not capable to make reasonable/rational decisions for himself and thus he was not able to make a knowing and voluntary waiver of his rights to go to trial and alternatively; plead guilty. (See Knox supra); (Also Somerville v. State Del.Supr. (1997) 703 A.2d 629). The plea was entered as a result of promises and a threat of getting 50 yrs. if petitioner didn't take the plea. As soon as the judge accepted the plea agreement, Bernstein stood up and said to the Court that he had a Motion for Dismissal that he wanted to file for the record, (A-67). Petitioner right away tells the Court that petitioner has been asking Bernstein to file that motion all morning; that is not in the transcripts, but it should be on the audio tape of plea colloquy hearings. In the transcripts of the plea agreement, you can see there is confusion on the part of the petitioner and petitioner asked the judge questions about the Motion for Dismissal. The judge asks Bernstein where the Motion for Dismissal was and Bernstein states that the motion was in his briefcase and that he didn't file it because he didn't have the paperwork to back it up. This clearly shows and proves that Bernstein failed to investigate and failed to obtain important information that would prove petitioner's case and violation of petitioner's rights, (A-71). Bernstein knew that the motion was valid and should have been filed. His effort to have it put on record was to cover his improprieties. Also in the plea agreement transcripts, the confusion and questions from petitioner continue when prosecutor, John Garey stands up and says that petitioner can have Motion for Dismissal heard, but thereafter there would be no plea agreement, and that he would proceed with trial. Then the judge said yes and that it would be a trial on all the charges and then said to petitioner to weigh his pros and cons, (A-74). That added more pressure to petitioner and seemed to prove what Bernstein said about getting the Court mad and wasting their time; and that petitioner would get 50 yrs. It's clear Bernstein didn't prepare for any proceedings, let alone a trial. So petitioner being clearly confused, he had to stay with the Robinson plea. In a Robinson plea, a defendant has the right to have his mental condition considered to determine if he had the requisite state of mind for knowledge or intent. (See Robinson v. State Del.Supr. (1991) 600 A.2d 356, 360). In the interests of justice and the law, once there was a question about a pretrial motion under clearly established law; the judge knows that a

- 4 -

defendant has a right to all pretrial motions and a right to counsel who will investigate and come to court prepared with all evidence—records/reports to back up a defendant's claim. The judge shouldn't have allowed Bernstein to file the Motion for Dismissal knowing Bernstein stated he didn't have the paperwork to back it up. He should have ordered a continuance and gave Bernstein a chance to get paperwork ready or offered petitioner a chance at counsel who would be prepared with evidence and information of petitioner's claim of violations of his rights. Petitioner had the right to prove his claims. At his right to all pretrial motions, this should have been done in the interests of justice. In essence, counsel forced petitioner to take plea by failing to investigate, file discovery, filing Motion for Dismissal, asking for evidentiary hearing, putting on an affirmative defense, or otherwise consider a trial strategy and prepare for trial; counsel's conduct fell below the norm of professionalism warranting an evidentiary hearing/withdrawal of the plea agreement. (See State v. Pryer Del.Supr. (Oct. 11, 2001) ___ A.2d___); (Also Howard v. State Del.Supr. (1983) 458 A.2d 1184-85—quoting Super.Ct.Cr.R. Rule 11(d)); (Also Hill v. Lockhart 8th Cir. (1989) 877 F.2d 698— cert. granted (1985) 474 U.S. 52). A conviction on a guilty plea that is entered solely as a result of faulty legal advice is a miscarriage of justice. (See U.S. v. Scott 5th Cir. (1981) 625 F.2d 623). This tendering by petitioner that petitioner would not have pleaded guilty had counsel not lied to and pressured petitioner distinguishes the case from Timmerick and relieves . petitioner of the rule set forth therein. (See Id. citing U.S. v. Timmerick (1979) 441 U.S. 780). Counsel would have known of the psychiatrist reports/records and petitioner's stay at the Delaware Psychiatric Center, if counsel conducted discover. He could have used this information to present an affirmative defense based on an irresistible impulse or at least investigate the possible defense. Such failure falls below the professional norm and has obviously prejudiced the petitioner in that, petitioner was forced and tricked into a plea agreement. (See MacDonald v. State Del.Supr. (2001) 778 A.2d 1064); (Also McCoy v. Wainwright 11th Cir. (1986) 804 F.2d 1196); (Also Burnett v. Hargett 10th Cir. (1999) 174 F.3d 1128). At the time of petitioner's court proceedings, Bernstein was involved in the Thomas Capano murder trial where he let the petitioner's case fall through the legal cracks of the law via lack of dedication. By failing to do absolutely nothing that would benefit his client, the petitioner in the interests of justice or the law.

Counsel failed to produce exculpatory evidence in violation of Maryland v. Brady (1963) 373 U.S. 83.

Under Brady, counsel must disclose exculpatory evidence. At sentencing, counsel failed to advise or

address the Court with any mitigating factors or failed to bring up the letters that were written, (A-52), on

the petitioner's behalf. He also failed to have witnesses subpoenaed to speak on behalf of petitioner.

There were no mitigating factors brought before the Court on behalf of the petitioner—such as, his mental

concerns. Only aggravating factors were brought up at sentencing in what looks like was an

overzealousness to prosecute. Had these mitigating factors been brought to the Court's attention and had

they been given some consideration like the consideration given to the aggravating factors. The petitioner

may have gotten a more lenient sentence. But, no such mitigating factors exist within the record due to

counsel's failure to pursue them. There is ample case authority stating that a prosecutor is to seek justice

and not merely convictions. This didn't happen in petitioner's case. Surely, Counselor Joe Bernstein was

ineffective under our precedent case authority. (See Harris at 502); (Also Kauffman supra.). When

petitioner's counsel failed to investigate all material information and failed to file pretrial motions with all

paperwork to support the motions in a timely fashion clearly prejudiced the petitioner in this case. Had

petitioner's counsel investigated all material information and had the paperwork to back up pretrial

motions and had the motion been filed in a timely fashion; it would have made a favorable difference in

petitioner's case. Even the judge states in plea transcripts that pretrial motions should be filed before trial,

(A-71). To prevail on the claim of ineffective assistance of counsel, petitioner must demonstrate that

counsel's representation fell below an objective standard of reasonableness and that a reasonable

probability exists, but for counsel's substandard performance, the judge would have concluded that the

balance of aggravating and mitigating circumstances did not warrant the sentence received due to all

mitigating factors. (Strickland 404 U.S. at 695); (Also Brewer v. Aiken 7th Cir. (1991) 935 F.2d 850,

855). Counsel's performance standard envisions a wide range of permissible actions for the attorney in

question and it normally requires us to defer to an attorney's choice of strategy. (Strickland 466 U.S. at

689); (Emerson 91 F.3d at 906). Never the less where counsel's errors are such that he was not

functioning as counsel guaranteed the defendant by the Sixth Amendment U.S.C.A., (Strickland 466 U.S.

at 687); his performance is deficient for these purposes. In the context of a sentencing phase where defendant faced a 50 year prison sentence, it is particularly important that counsel not be allowed to shirk his responsibilities. Thus while we defer to legitimate strategic decision-making from the perspective of strategic competence. I hold that defense counsel must make a significant effort, based on reasonable investigation and logical argument that's favorable to the defendant's case before a court of law and to focus on mitgiating factors that would change the outcome of the proceedings. (See Kubat v. Thieret 7th Cir. (1989) F.2d. 351,369).

After Petitioner had filed his Post-Conviction Relief Motion to the Superior Court of the State of Delaware in and for Kent County Petitioner had found out that he had been sentenced to an Illegal Sentence by the Superior Court. This was due to the fact that Counsel had failed to investigate or prepare anything for Petitioner's case. This is also Faulty Legal advice that was given to the Petitioner, Counsel gave Petitioner the incorrect Maximum and Minimum Sentence guidelines this renders the Plea Agreement invalid. This Plea Agreement was not knowingly, voluntarily or intelligently made. Defendant's are to know and understand the full nature of the charges that he faces before a plea can be Legally binding. Had Petitioner been given the correct Maximum and Minimum Sentence guidelines by his Counsel Petitioner may have went to trial instead of taking a Plea Agreement. This proves that Petitioners Counsel was very Ineffective in Petitioners case. Petitioner was prejudice by his Counsels failures which denied the Petitioner the chance of a much better outcome to his case. Petitioner hopes that this Honorable Court sees and finds that Petitioners Counsel was very Ineffective in this case.

### III.    FAILURE TO HOLD EVIDENTIARY HEARING TO DETERMINE COMPETENCY.

**ARGUMENT:**

Prior to the offenses petitioner was charged with, petitioner was placed in the Delaware Psychiatric Center upon request made by petitioner's mother and probation officers. After the initial evaluation and observation of petitioner, the State's own psychiatrist admitted the petitioner with the determination that the petitioner suffered from a mental disease/disorder that made petitioner a danger to himself and others along with being incapable of making rational and/or reasonable decisions in matters of grave importance, (A-53 thru -55). The mental condition of defendant is to be considered in any criminal case. (Harris at 502); (also Kauffman at 186). Had counsel for petitioner investigated these claims that were told to him by petitioner, he would have discovered the information and evidence that there was the possibility that petitioner lacked mens rea and/or actus rea to be held criminally liable. Rule 11 pleas require the competent of knowing and voluntary waiver before they can be legally binding, and it can be argued that the prosecutor and the court took advantage of the petitioner who was said to be incapable of making reasonable or rational decisions in matters of seriousness. (See State v. Knox Del.Super. (Feb. 26, 2003) ___ A.2d ____, aff'd Del.Supr. (2003) 826 A.2d 298). It was never determined whether petitioner had the sufficient competency to enter into the plea agreement since such requires one to have a rational, as well as, a factual understanding of the proceedings. (See Weeks v. State Del.Supr. (1995) 653 A.2d 266, 270— citing Godinez v. Moran (1993) 113 S.Ct. 2680, 2688— quoting Dusky v. U.S. (1960) 362 U.S. 402). This is very important since the State's own psychiatrist was the last person to speak of petitioner's state of mind and clearly stated that petitioner could not make rational and/or reasonable decisions with respect to hospitalization and treatment even, (A-54). In fact, according to the reports, it was very possible to have put on an affirmative defense of irresistible impulse. (See Kansas v. Hendricks (1997) 521 U.S. 346). The evidence of the lack of mens rea and/or actus rea is in the

- 8 -

plea colloquy transcripts, wherein it was explained to the Court that the petitioner had an emotional trauma over his girlfriend cheating on petitioner with someone petitioner deemed a friend. Petitioner kicked in the door and had a blackout after that, (A-62). Petitioner has clearly demonstrated what the Hendricks Court considers a standard of the lack of volitional control. The facts are via State psychiatrist reports on file that stated that petitioner was a danger to himself and others. Basically that this type of behavior was likely to continue unless treatment was accepted by petitioner. This was a conditional requirement in order to be released from the Delaware Psychiatric Center, (A-83). Petitioner's probation officer, Dave Benson was advised of the petitioner's conditions of release; and was to see to it that petitioner complied with the conditions, (A-83). Dave Benson found himself to be under investigation and was suspended. Petitioner had started working on treatment, but after being passed around to different probation officers who didn't have petitioner's file, along with no knowledge of petitioner's case. Petitioner soon fell back into his old ways and wasn't complying with the conditions set forth upon petitioner's release from Delaware Psychiatric Center, which, in turn, led to the events the State's psychiatrist said would happen. That petitioner would continue to have behavioral problems if he didn't comply with treatment, (A-83). Even the charge of Burglary cannot be supported since it requires breaking and entering with intent to commit a felony. The plea colloquy transcripts clearly state that petitioner had a blackout, (A-62). Statements were made by Mrs. Naylor to the presentence investigator that she knew petitioner did not intentionally cause her harm, and that she was not concerned for her safety. Also, it is stated in the transcripts that petitioner had no recollection after the door being kicked in because petitioner snapped, (A-58). In any plea agreement, the petitioner has the right to have his mental condition considered to determine if petitioner had the requisite state of mine for knowledge or intent. In the interests of justice, the Court should have had knowledge of all the above factors, statements, and records/reports. Petitioner's counsel failed to provide any evidence to the Court in support of petitioner's claims of all above stated factors. It is in the interests of justice, petitioner had the right to have had an evidentiary hearing to determine petitioner's mental state and on all of the above factors.

- 9 -

## IV.     LACK OF MITIGATING EVIDENCE.

### ARGUMENT:

There is ample case authority stating that a prosecutor to seek justice and not merely convictions. And that all mitigating evidence is to be considered and presented at the sentencing phase of the proceedings. The mental condition of a defendant is to be considered in any criminal case. (Id.) ;(Id.). Petitioner argues that prosecutor and petitioner's counsel failed to produce exculpatory in violation of Brady. Under Brady, counsel must disclose exculpatory evidence to prosecution and that evidence is material to either guilt or not guilt. In order to establish a Brady violation, a defendant must first demonstrate that counselor had requested information within its actual or constructive possession. (See U.S. v. Yekeler 3rd Cir. (1995) 62 F.3d 544, 550). The undisclosed evidence must be material, and evidence is material only if there is a reasonable probability that had the evidence been disclosed to the Court, the results of the sentencing proceedings would have been different due to all the mitigating factors. (See Pennsylvania v. Ritchie (1987) 480 U.S. 39, 57). The Sixth Amendment applicable to the states through the Fourteenth Amendment provides the accused in a criminal prosecution the right to offer of any favorable witness and to have compulsory process for obtaining witnesses in his favor. (See Washington v. Texas (1967) 388 U.S. 14, 18-19). In order to establish a violation of the Sixth Amendment's right to compulsory process, defendant must demonstrate that he was deprived of the opportunity to present evidence in his favor; and that the excluded testimony would have been material and favorable to his defense/sentence. Petitioner claims that clearly there were mitigating factors and evidence that were never investigated or brought up to the Court's attention. Petitioner had a right to have the mitigating evidence present and to be considered. Had petitioner's counsel investigated and advised the court of said evidence; this evidence, if presented and given the same thought and consideration as the mitigating factors were, the petitioner's case and sentence would have been case in a dramatically different light. In the interests of justice, the sentence imposed on petitioner might have been more lenient.

- 10 -

A presentence investigation was ordered for petitioner at the plea agreement hearing. A

presentence investigation should include information about the history and the characteristics of the

defendant which include prior criminal records, a victim impact statement, all in accordance with 11

Del.C. § 4331(d). (See Moore v. State Del.Supr. (2005) ___ A.2d ___ 2005WL3027680). Petitioner was

never given an opportunity to review the presentence investigation report. Petitioner's counsel never

disclosed any information to petitioner about the presentence report and petitioner was never given an

opportunity to comment on the report in open Court. In Moore, information in the presentence report that

was never intended for Moore to see was used as evidence that the Court relied on when imposing

sentence. Thus, Moore should have been given the opportunity to address this information that was kept

from him before being sentenced. In the instant case, Petitioner claims that in the presentence report, there

were important mitigating evidence/factors that were left out of the report that the Court never got to see.

Therefore, the Court wasn't able to consider these important mitigating evidence/factors upon sentencing

the petitioner. Petitioner's counsel should have set aside the time and made a point to review the

presentence report with petitioner. Fundamental fairness would entitle petitioner an opportunity to make

the Court aware of the mitigating evidence that was left out of the report at sentencing. Petitioner claims

he was prejudiced by Mr. Shepherd's presentence investigation how Moore was prejudiced by the Court

where the Court relied on the information that was never intended for Moore to see as evidence in which

the Court based part of Moore's sentence on upon sentencing Moore. Petitioner was prejudiced when Mr.

Shepherd who conducted the presentence investigation touched on a mitigating factor of petitioner's

mental state, but Mr. Shepherd failed to investigate petitioner's mental problems thoroughly. Petitioner

made Mr. Shepherd aware of petitioner's mental claims in the interview conducted. Mr. Shepherd failed

to investigate these claims which are mitigating evidence/factors that are favorable to the petitioner. If he

investigated thoroughly, he would have had records and reports of petitioner's mental troubles. Failing to

include all of the mitigating evidence favorable to petitioner, deprived the petitioner an opportunity for

the court to view this information and use it as evidence which should have been considered upon

imposing sentence. In an attempt not to drag/rehash arguments out; the record is clear that the presentence

investigation report was never disclosed to petitioner, yet it was used by the Court, (A-58 thru -78).

Petitioner was interviewed by Mr. Shepherd at the Delaware Correctional Center for the purpose of making a presentence report to be used at sentencing. In the interview, we went over the history and events of the case that led up to the night petitioner was charged with these offenses. The investigator was aware of the case through other interviews. Petitioner told the investigator everything he knew. In this case, petitioner had mental problems. Problems in part over relationship with girlfriend (Pam Hawkins), along with petitioner using alcohol and drugs heavily. Petitioner snapped and suffered a blackout from the trauma of seeing his girlfriend's truck parked in front of his friend's house. During the blackout, petitioner hurt Mrs. Naylor, but petitioner has no recollection of what petitioner did during the trauma he felt overcame his rationale for thinking. Petitioner told the investigator that is was a crime of passion. The other factors as told to the investigator were that petitioner was committed to the Delaware Psychiatric Center; his father was violent toward himself, mother, brother and sister. They were beat very bad. This started petitioner's problems, where he would use alcohol and drugs to escape. Petitioner told the investigator the he has never hurt anyone before, and that it was eating him up for what he did. The investigator noted petitioner was remorseful and stated he would further investigate petitioner's case; also talk to other people, and not to worry that he wasn't going with the State's recommendation, also that the petitioner would not be an old man when he got out of prison when released. He also stated that the State's recommendation was one more severe than one for a murder case. Recently, petitioner found out some of what was put into the presentence report, and petitioner feels that the investigator intentionally left out the mitigating evidence/factors. Even further, the investigator did not talk to all involved parties. Just prior to being charged with these offenses, petitioner was taken into custody by request of petitioner's mother and the help of petitioner's probation officer to the Delaware Psychiatric Center over concerns of his mental condition. After the initial 72-hour observation, the State's psychiatrist admitted petitioner. In the records and reports, the State's psychiatrist states clearly that petitioner suffered from mental illness which made petitioner incapable of making reasonable or rational decisions for himself. A

- 12 -

motion for a hearing to see if petitioner was competent was ordered, (A-53 thru -55 and A-79 thru
-82). Petitioner's counsel told petitioner that he would advise the Court of petitioner's mental
problems and the stay at the Delaware Psychiatric Center; with the problems stemming from
alcohol/drugs, along with relationship problems with girlfriend cheating on him with a friend.
Petitioner's counsel failed him when he told petitioner he was going to tell the Court that this
criminal conduct was caused out of passion due to petitioner's girlfriend cheating on him with a
friend. Petitioner's counsel never advised the Court of these mitigating factors or any mitigating
factors for that matter, which in turn, deprived petitioner of his right to have all mitigating
evidence presented at sentencing. In what may have been an overzealousness to prosecute;
prosecution team makes it look like petitioner entered to rob and hurt Mrs. Naylor for no reason
at all. In the plea agreement transcripts, it states clearly that petitioner had a blackout after seeing
his girlfriend's truck parked in front of his friend's house, and since petitioner has no recollection
of the facts after that point, (A-58 thru -62), he was offered a Robinson plea. Upon that
agreement, the petitioner had the right to have his mental condition considered to determine if he
had the requisite state of mind for knowledge or intent. (See Robinson at 360). In the mental
response to petitioner's mental problems, Mr. Shephard states petitioner was committed to the
Delaware Psychiatric Center for a 72-hour observation which was the result of petitioner
becoming more depressed over his relationship with his girlfriend which led to excessive
drinking. Upon his release, petitioner was told to seek substance-abuse counseling. Petitioner
claims that had Mr. Shephard thoroughly investigated petitioner's claims of mental problems, his
stay at the Delaware Psychiatric Center; he would found records and reports from the State's own
psychiatrist stating petitioner suffered from a mental illness which made petitioner incapable of
making reasonable or rational decisions for himself and petitioner was a danger to himself and
others. A motion that was ordered from the State's psychiatrist; ordering that a hearing to see if
petitioner was competent, (A-53 thru -55 and A-79 thru -82), where petitioner was not told to
seek substance abuse counseling. Petitioner was ordered to as a condition of petitioner's release.

- 13 -

State's psychiatrist states that if petitioner doesn't comply with conditions of release, petitioner

would continue to have behavioral problems and continuous problems with the Law, (A-83).

Petitioner was prejudiced by not having all the mitigating evidence investigated thoroughly and

all this information kept from Mr. Shephard's report. Mr. Shephard's report is for the Court to see

and view while considering said information upon sentencing a defendant. This mitigating

evidence is favorable to the petitioner's case and it should have been given the same

consideration and thought that the aggravating factors got for determining petitioner's sentence.

Mr. Shephard states in the evaluation that an argument could be made that given the nature of

petitioner's addiction to alcohol and drugs, the petitioner's treatment needs might mitigate to

some degree the need for punishment; but he feels that a mitigating need for treatment is not valid

in this case. When he stated that an argument could be made for a mitigating need for treatment,

but felt that wasn't a valid argument. Mr. Shephard should have at least investigated and put all of

the information in his report; so at least, the Court could have viewed all the information and

made its own decision. Since there was some information that was left out of the report. Had the

information been put in the report and put together with petitioner's alcohol/drug problems

coupled with the relationship problems; the Court could have then seen that all this evidence was

a factor in this case. All this mitigating evidence would make the argument a very favorable and

valid one for the petitioner. Mr. Shephard may not think it's a valid argument, but the State's

psychiatrist would not agree! He didn't leave out any aggravating evidence for the Court to

consider. However, he didn't talk to all of the parties involved in the case, being Pam Hawkins

and Tom Naylor. These parties could have shed some light on petitioner's mental state. Also,

petitioner's father was never interviewed, which would have proved that petitioner along with his

family were violently abused. This abuse led to the alcohol/drug abuse. Another factor was that

three different judges were involved with this particular case, and it is not clear who handled all

of the character letters written on petitioner's character, which showed that he was loved along

with having problems. These letters along with any mitigating evidence/factors were never

- 14 -

presented or considered at all in this case. Mr. Shephard should have included all this information

in his report so it could have been used as evidence for the Court to at least consider that there

was a mitigating side to this case. Had the mitigating evidence got the same consideration that the

aggravating evidence received, it would put the case in a dramatically different light. Petitioner

asked the inferior Court to consider the evidence that was intentionally left out to enhance

petitioner's sentence/prejudice petitioner; failure of the Court to do so requires the minimum, a

remand for resentencing with the max being petitioner granted full post conviction relief.

V.    **FAILURE OF COUNSEL TO ANSWER ALLEGATIONS AND STATE'S FEBRUARY 8, 2007 LETTER TO THE INFERIOR COURT CONCERNING MITIGATING FACTORS, REQUIRES REVERSAL OF THE INFERIOR COURT'S DECISION TO DENY POST-CONVICTION RELIEF ON THE GROUND THERE WAS LACK OF MITIGATING EVIDENCE.**

### STANDARD AND SCOPE OF REVIEW:

In reviewing denial of postconviction relief, appellate court's standard of review is abuse of discretion and its task is to carefully review record to determine whether competent evidence supports trial court's findings of fact and that its conclusions of law are not erroneous. (See Shockley v. State Del. Supr. (1989) 565 A.2d 1373). Limited scope of trial counsel's investigation in preparation for capital sentencing hearing prejudiced murder defendant, for purposes of ineffective assistance claim, inasmuch as there was substantial evidence in mitigation, including evidence of child abuse, that counsel failed to present, and, although some evidence of abuse was introduced to jury despite defense counsel's contrary intentions, jury was not provided with comprehensive understanding of defendant's abusive relationship with his family. (See Outten v. Kearney 3rd Cir. (2006) 464 F.3d 401, 419-21 at [14] citing Strickland, also Jermyn v. Horn 3rd Cir. (2001) 266 F.3d 257, 310-11— internal footnote and citations omitted.)

### ARGUMENT:

Once counsel failed to answer the allegations of lack of mitigating evidence that was clearly presented to the inferior Court, the Commissioner and Judge Witham as a matter of Law were to find a ruling in favor of Appellant; that Counsel's and Presentence Investigator's failure to interview and put on the record any mitigating evidence/factors renders the entire proceedings fundamentally unfair/prejudicial to Appellant. In Appellant's case, there were substantial mitigating evidence/factors to be introduced at sentencing that led to the chain of events causing the accidental injuries to Mrs. Naylor who was protecting her son. To prevail on this claim and to have this Court remand for further proceedings, Appellant has established below that there was a report and records from the Delaware Psychiatric Center, alleged abuse by father, the relationship with Appellant and his girlfriend, the relationship with Mrs. Naylor, the relationship with Tom Naylor, the character letters weren't introduced/put on the record, and Probation Officer Mr. Shephard's failure to make sure Appellant was complying with the conditions of release from the Delaware Psychiatric Center which was His need for substance abuse treatment.(Outten at 419-21). To show that the outcome of the proceedings would have been

- 16 -

different; there is evidence that would put this case in a dramatically different light where if the mitigating evidence/factors were given the same weight of consideration as the aggravating factors, Appellant's sentence would have been more lenient. Therefore, by Law, Appellant is entitled to a new sentencing with newly appointed counsel as guaranteed by the Sixth Amendment U.S.C.A., this Court should remand to the inferior Court for a new sentencing or grant postconviction relief (withdrawal of plea).

**VI.  PLEA THAT WAS ENTERED INTO UNKNOWINGLY, INVOLUNTARILY, AND UNINTELLIGENTLY MUST BE SET ASIDE WHERE: (1) COURT'S FAILURE TO NOTIFY APPELLANT OF CORRECT MAXIMUM SENTENCE BEFORE PLEA NEGOTIATIONS BEGAN; AND (2) COUNSEL GAVE FAULTY LEGAL ADVISE TO DEFENDANT AND COURT AS TO THE SENTENCING GUIDELINES AND MAXIMUM SENTENCE THAT THE COURT WAS AUTHORIZED TO IMPOSE INVALIDATES APPELLANT'S PLEA AND CONVICTION—REQUIRING THIS APPELLATE COURT TO REVERSE THE INFERIOR COURT'S DECISION TO DENY POST-CONVICTION RELIEF AND REMAND FOR FURTHER PROCEEDINGS.**

## STANDARD AND SCOPE OF REVIEW:

Consequences of guilty plea with respect sentencing that defendant must have knowledge of for his guilty plea to satisfy due process are maximum prison term and fine for offense(s) charged. Defendant's plea of guilty and resulting waiver of his Sixth Amendment right to jury trial was made unintelligently and was therefore invalid, where district court informed defendant before he pleaded guilty to one of two charges that he faced maximum sentence of 60 years in prison if convicted on both charges where he in faced 30 year max sentence and there was nothing in record to suggest that defense counsel ever gave defendant the correct information about max sentence. (See U.S. Guerra 5th Cir. (1996) 94 F.3d 989,995). Same. (See U.S. v. Gigot 10th Cir. (1998) 147 F.3d 1193). Same. (See State of Delaware v. Louis Woolford ___ A.2d ___ (Del.Super.) 2002WL1343827). Same (See Wells v. State Del.Supr. (1978) 396 A.2d 161). Rule 11 of the Federal Rules of Criminal Procedure "is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary." (See McCarthy v. U.S. (1969) 394 U.S. 459, 465). Whether a district court has complied with Rule 11 in accepting a defendant's plea and, accordingly, whether the defendant's plea was knowing, intelligent, and voluntary, is a question of law reviewed *de novo*. (See U.S. v. Browning 10th Cir. (1995) 61 F.3d 752, 753). "The Delaware Supreme Court has stated that where there is a serious procedural defect in the plea process or where it clearly appears that the defendant did not knowingly consent to the plea agreement, a sufficient basis exists for withdrawal of the plea regardless of whether there is a basis for a claim of factual innocence or whether there is prejudice to the State." (See Patterson v. State Del.Supr. (1996) 684 A.2d 1234, 1239). In reviewing denial of postconviction relief, appellate court's standard of review is abuse of discretion and its task is to carefully review record to determine whether competent evidence supports trial court's findings of fact and that its conclusions of law are not erroneous. (Id).

## ARGUMENT:

It is now clear on the record and the T.I.S. Form, (A-93), as filled out by Counsel for Appellant that the plea was unconstitutionally entered; also the Honorable Judge Witham has put on the record that an "plain error" occurred at sentencing without mitigating the ultimate effect that the error has on the Appellant's conviction where it is now clear that there was a procedural defect that has made the plea entered into—invalid and in violation of Appellant's Constitutional guarantees to plead guilty to charges, the plea must be entered into intelligently, knowingly, and voluntarily. (Id. at 465); As to the procedural defect. (Id. at 1239). It is clearly established case law in Delaware and the record here that the charges

- 18 -

Appellant has pled guilty to were not punishable by any court of law, and now the plea must be set aside.

(Id. at 995); Same. (Id.); Same. (Id.); Same. (Id.).

Therefore, by Law this Court is to remand to the inferior Court to address the error and review the

inferior court's remedy for said error *de novo.* (Id.).

**VII.   VIOLATION OF DUE PROCESS, ABUSE OF DISCRETION, AND CLEAR ERROR WHERE THE INFERIOR COURT MADE A PROFESSIONAL ERROR TO BASE ITS DECISION SOLELY ON THE COMMISSIONER'S REPORT AND RECOMMENDATION WITHOUT APPLYING ITS OWN FACTFINDING AND LEGAL CONCLUSIONS REQUIRES REVERSAL AND REMAND NOW THAT A PROCEDURAL DEFECT HAS SURFACED.**

**STANDARD AND SCOPE OF REVIEW:**

In reviewing denial of postconviction relief, appellate court's standard of review is abuse of discretion and its task is to carefully review record to determine whether competent evidence supports trial court's findings of fact and that its conclusions of law are not erroneous. (Id.). Where there are several errors, a reviewing court must cumulative effect to determine whether there was plain error. (See Wright v. State Del.Supr. (1979) 405 A.2d 685). Rule 11 of the Federal Rules of Criminal Procedure "is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary." (See McCarthy v. U.S. (1969) 394 U.S. 459, 465). Whether a district court has complied with Rule 11 in accepting a defendant's plea and, accordingly, whether the defendant's plea was knowing, intelligent, and voluntary, is a question of law reviewed *de novo*. (See U.S. v. Browning 10th Cir. (1995) 61 F.3d 752, 753). "The Delaware Supreme Court has stated that where there is a serious procedural defect in the plea process or where it clearly appears that the defendant did not knowingly consent to the plea agreement, a sufficient basis exists for withdrawal of the plea regardless of whether there is a basis for a claim of factual innocence or whether there is prejudice to the State." (See Patterson v. State Del.Supr. (1996) 684 A.2d 1234, 1239). The Scope of Review is Rule 61 (d) Super.Ct.Cr.R. which the Delaware Supreme Court will remand for a variance of said Rule. (See Webb v. State Del.Supr. ___ A.2d ___ (Appeal No. 183,2005).

**ARGUMENT:**

Once Judge Witham made the decision to base the Order being appealed before this Court in the instant matter solely on the decision of Commissioner Freud without making His own factfinding and legal conclusions; He violated the spirit of Rule 61(d). By this variance of the Rule, the decision being appealed was erroneously decided/denied and the legal precepts used for the order were in violation of constitutional standards. This has now become clear that the T.I.S. form, (A-93), has misinformation concerning the charges and their correct maximum terms and sentencing guidelines which should have been remedied by setting aside the plea agreement to mitigate the errors. Also, there's a Abuse of Discretion on the Lower's Court, the State, and the Counsel part for failing to answer all Petitioners claims such as failure to answer Untimely Indictment, Lack of Mitigating Evidence at sentencing, not being able to see P.S.I. Report, and P.S.I. was

- 20 -

done in an unprofessional manner, failure to file Pre-Trial Motion to Dismiss, these claims were not answered which renders them admitted. Therefore, the Inferior Courts decision to deny Post-Conviction relief must be reversed and remanded back to Delaware's Superior Court for further proceedings.

## VIII.    DIRECT APPEAL WAS UNCONSTITUTIONALLY DENIED AS BEING UNTIMELY FILED WHICH RENDERS THE PROCEEDINGS INVALID

### ARGUMENT :

Petitioner was sentenced on June 16, 2003 in the Superior Court of Kent County Delaware after being sentenced Petitioner filed a Direct Appeal which Petitioner was never advised by his Counsel that he had a right to file a Direct Appeal. Petitioner was deprived of valuable time to prepare his Direct Appeal by the Delaware Department of Corrections when all of Petitioners personal property was taken from him when Petitioner was put in Secured Housing Unit (S.H.U.). So when Petitioner finally got his property back time was running out to file a timely Direct Appeal so Petitioner had the Direct Appeal airmailed to the Court so it would be there on time. The Supreme Court of Delaware denied the Direct Appeal as being untimely filed, in the order the Court states that the Direct Appeal had to be filed on or before July 16, 2003 and that Court personal was not attributable in the Direct Appeal being filed untimely (See Appendix Page No. 551 ). The Court has the Direct Appeal being filed on July 18, 2003 two days late. But the Petitioner had the Direct Appeal airmailed in over night mail on July 15, 2003 which puts the Direct Appeal there the next day which was July 16, 2003 which makes the Direct Appeal timely filed. So the Direct Appeal could not be denied as untimely. The Petitioner has a copy of the receipt showing that the Direct Appeal was airmailed on July 15, 2003 to prove to this Honorable Court that the Petitioners Direct Appeal was in fact there to the Supreme Court Of Delaware on July 16, 2003 which makes the Direct Appeal timely filed ( See Appendix Page No. 550 ). There was no remedy to Appeal the Supreme Courts decision. So the Petitioner comes now to ask this Honorable Court to correct a Miscarriage of Justice and reverse the decision of the Lower Court and grant the Direct Appeal as being timely filed.

Petitioners Counsel was Ineffective for not advising the Petitioner that he had a Constitutional Right to file a Direct Appeal and for failing to prepare and file a Direct Appeal for the Petitioner. This is a Miscarriage of Justice and the Petitioner asks this Honorable Court to find that Petitioners Counsel was Ineffective for not filing a Direct Appeal and for the unprofessional job he did in this case. Petitioner asks this Honorable Court to reverse the Lower

Courts decision and remand this case back to the Superior Court of Kent County Delaware for further proceedings.

## CONCLUSION

Therefore, in closing Petitioner prays that this Honorable Court will find that the proceedings in this case were conducted in a Unconstitutional manner which renders them invalid. The Lower Courts of Delaware and their State Prosecutors are to seek justice which they fail to do in this case. A Plain Error has surfaced in Petitioners case which the Lower Court and their Prosecutors have acknowledge but they fail to do the right thing under the Law. They have let the Petitioner enter into a Plea Agreement that carried a Illegal Sentence which renders the Plea Agreement invalid. Under the Law the Plea Agreement is to be set aside due to faulty Legal advice given to Petitioner on the Minimum and Maximum Sentence guidelines which renders the Plea Agreement Involuntarily, Unknowingly and Unintelligently made. The Pea Agreement is invalid and is to be set aside and the sentence vacated. Petitioner asks this Honorable Court to reverse the Lower Court of Delaware decision and vacate the sentence and remand this case back to the Superior Court of Kent County Delaware for further proceedings and grant the Petitioner any and all relief that this Honorable Court deems that the Petitioner is entitled to.

Petitioner asks this Honorable Court to rule that Petitioners Counsel was Ineffective in this case for failing to do what he hired to do. Counsel fails Petitioner by failing to prepare and file a timely Pre Trial Motion, prepare, investigate or research the Law in this case which caused the Petitioner to be sentenced to a Illegal Sentence. Counsel fails to ask for Evidentiary Hearing to determine Petitioners Mental Health and failed to prepare and present any Mitigating Evidence at sentencing. After being sentenced to a Illegal Sentence Counsel fails to Prepare and file a Direct Appeal for Petitioner. Looking at all that Counsel fails to do in this case Petitioner was denied Effective Assistance of Counsel which violates Petitioners Constitutional Rights and Due Process of the Law which is a grave Miscarriage of Justice that prejudice the Petitioner by being denied to the opportunity for a better outcome to his case. Therefore, Petitioner asks this Honorable Court to rule that Petitioner was denied Effective Assistance of Counsel and reverse the Lower Court of Delaware's decision and remand this case back to the Superior Court of Kent County Delaware for further proceedings and to grant any and all relief that this Honorable Court deems Petitioner is entitled to.

# RELIEF

The Petitioner Request this Honorable Court to grant Relief for the following and to grant any or all Relief that this Honorable Court deems that the Petitioner is entitled to:

1. Withdraw the Plea Agreement
2. Vacate the Sentence
3. Hold Evidentiary Hearing
4. Appoint Legal Counsel
5. Remand Case back for further proceedings
6. Grant any and all Relief that this Honorable Court deems Petitioner is entitled to

Dated: 2-16-08

Donald Cochran

Donald R. Cochran
D.C.C. #201992
1181 Paddock Road
Smyrna, Delaware
19977

-25-

## Certificate of Service

I, _Donald Cochran_ ,hereby certify that I have served a true
And correct cop(ies) of the attached: _Hebeas Corpus Motion_

_____ upon the following

parties/person (s):

TO: _United STATES District Court_      TO: _____

_844 N. King Street_         _____

_Lockbox 18_            _____

_Wilmington, Delaware_         _____

_19801_             _____


TO: _Department of Justice_       TO: _____

_102 W. Water Street_          _____

_Dover Delaware_           _____

_19901_             _____

_____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this ___ _16_ ___ day of ___ _Feb._ _____ ,200 _8_

_Donald R. Cochran_



Mili-Pac™

**Visit us at usps.com**

$6.85

PRIORITY MAIL
UNITED STATES POSTAL SERVICE

From: CAROLE RICHARDSON
1945 S. DUPONT HWY
DOVER DE. 19901

TO: CLERK U.S. DISTRICT COURT
844 N. KING ST LOCK BOX 18
WILMINGTON DE 19801

DuPont™ Tyvek®
Protect What's Inside.™

RECIPIENT
The sender has requested notification upon receipt, please...
Name:
Tel. No.:

Schedule package pickup right from your home or office at usps.com/pickup
Print postage online - Go to usps.com/postageonline

PLEASE PRESS FIRMLY