# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DONALD R. COCHRAN,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ.Act.No. 08-109-SLR |
| | ) | |
| **PERRY PHELPS**, Warden | ) | |
| and **JOSEPH R. BIDEN III**, Attorney | ) | |
| General for the State of Delaware | ) | |
| | ) | |
| Respondents. | ) | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. §
2254, respondents state the following in response to the petition for a writ of habeas
corpus:

The grand jury indicted petitioner Donald Cochran in January 2002, charging him
with first degree burglary, first degree assault, and several related offenses. (Del. Super.
Ct. Crim. Dkt. 0102010757). The charges stemmed from Cochran's invasion of the
home of Mary Naylor in Smyrna, DE on the night of February 12, 2001. Cochran was
looking for Naylor's son, Thomas, whom he had reason to believe was with Cochran's
former girlfriend. Once inside the house, Cochran assaulted Mary Naylor, punching her
in the face and hitting her in the head with a beer bottle. (Appendix to State's Answering
Brief in *Cochran II* at B9-10, 15, 19-20). In February 2003, Cochran entered pleas of
*nolo contendere* to the burglary, assault, and weapon charges. *Cochran v. State*, 2007
WL 1452725 at *1 (Del. 2007) (*Cochran II*). Cochran and his counsel each filed a
motion for correction of an illegal sentence in September 2003, which was denied by the

Delaware Superior Court in December 2003. (*See* Del. Super. Ct. Crim. Dkt. 0102010757, D.I. 26, 33). Cochran himself then filed a notice of appeal, which was dismissed by the Delaware Supreme Court on November 12, 2003 because the appeal was untimely under state law. *Cochran v. State*, 2003 WL 22701632 (Del. 2003) (*Cochran I*). In February 2006, Cochran moved for postconviction relief, which Superior Court denied in January 2007. *Cochran II*, 2007 WL 1452725 at *1; (Del. Super. Ct. Crim. Dkt. 0102010757, D.I. 44, 57). In May 2007, the state supreme court affirmed the Superior Court's decision to deny Cochran postconviction relief. *Cochran II*, 2007 WL 1452725. In December 2006, Cochran moved to correct his sentence; that motion was granted in part and denied in part in January 2007. *Cochran v. State*, 2007 WL 2812870 (Del. 2007) (*Cochran III*); (Del. Super. Ct. Crim. Dkt. 0102010757, D.I. 56, 58). The Delaware Supreme Court affirmed the Superior Court's January 2007 order modifying Cochran's sentence. *Cochran III*, 2007 WL 2812870.

## Discussion

In his petition for federal habeas relief, Cochran raises eight grounds for relief:

**a)** that the State violated his rights under the Interstate Agreement on Detainers and Speedy Trial Clause;

**b)** that his attorney, Joseph Bernstein, was ineffective;

**c)** that the Delaware Superior Court erred by not holding an evidentiary hearing to determine if Cochran was competent to enter his *nolo* pleas;

**d)** that the presentence report completed prior to his sentencing was incomplete;

**e)** that the Superior Court erred by not deeming one of his claims of ineffective assistance admitted when Bernstein neglected to answer one specific claim Cochran raised in his motion for postconviction relief;

**f)** that his plea was not entered voluntarily because he was incorrectly advised of the maximum sentence he faced if found guilty on all charges;

**g)** that the Superior Court judge erred by relying on the Report and Recommendation of the Superior Court Commissioner rather than conducting his own fact-finding when he denied Cochran's motion for postconviction relief; and

**h)** that the Delaware Supreme Court erred by concluding that Cochran's appeal was untimely.

Cochran, however, is not entitled to relief because the claims presented in his petition are untimely under 28 U.S.C. §2244(d).

**I.**     Because Cochran's petition was filed in January 2008, it is subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA") signed into law by the President on April 24, 1996. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA applies to "such cases as were filed after the statute's enactment."); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 433 n.1 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997). Because Cochran did not timely appeal his convictions to the Delaware Supreme Court, they became final on July 16, 2003, thirty days after Superior Court sentenced Cochran on June 16, 2003, and the end of the period in which Cochran could appeal.[1]  *See* DEL. SUP. CT. R. 6(a)(ii); Del. Code Ann. tit. 10,

---

[1] Because Cochran has not raised any challenge to the modified sentence imposed by Superior Court in January 2008, he was required to file his federal habeas petition within one year from the time his conviction became final. *See Fielder v. Varner*, 379 F.3d 113,

§147; *Kapral v. United States*, 166 F.3d 565, 576 (3d Cir. 1999) (holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court).    Thus, Cochran's petition must have been filed by July 16, 2004 to be timely.  *See* 28 U.S.C. §2244(d)(1).  Cochran's petition, dated February 16, 2008, was obviously filed past the July 2004 deadline. The petition is thus untimely and must be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).[2]

The tolling mechanism of §2244(d)(2), however, does not save Cochran's petition from the running of the limitations period.  When applicable, §2244(d)(2) tolls the one-year period of §2244(d)(1) during the time that a properly filed state postconviction action is pending in the state courts.  Cochran and his counsel each filed a motion for correction of an illegal sentence in September 2003, which was denied by the Delaware Superior Court in December 2003.  (*See* Del. Super. Ct. Crim. Dkt. 0102010757, D.I. 26, 33).  Cochran's filing of the motion for correction of an illegal sentence tolled the running of the limitations period from September 8, 2003 until December 17, 2003.[3] Because Cochran did not appeal the judgment of the Superior Court on his motion for correction of an illegal sentence, he had until October 25, 2004 to file his federal habeas petition, i.e., 311 days.  Cochran then waited until February 2006 – more than one year after the expiration of the §2254 time bar - to file a motion for postconviction relief.  (*See*

---

118 (3d Cir. 2004) (statute of limitations set out in §2244(d)(1) should be applied on a claim-by-claim basis).

[2] Cochran does not allege, nor can respondents discern, any reason to believe that the terms of 28 U.S.C. §2244(d)(1)(B)-(D) are applicable to any of Cochran's claims.

[3] 54 days elapsed between the expiration of the time period during which Cochran could have appealed his convictions to the Delaware Supreme Court and the date he filed his motion for correction of an illegal sentence.

Del. Super. Ct. Crim. Dkt. 0102010757, D.I. 44). Thus, while Cochran's motion for postconviction relief was timely under then-existing Delaware Superior Court Criminal Rule 61(i)(1), it did not serve to toll the running of the limitations period - because the period had already run.

Of course, as the Court has repeatedly noted, the limitations period might be subject to equitable tolling. *See, e.g., Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). Equitable tolling, however, applies only where the petitioner "has in some extraordinary way been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). Here, Cochran has failed to demonstrate, or even allege, any extraordinary circumstances that prevented him from filing his petition with the Court in a timely manner. Cochran has, in fact, never been diligent in asserting his rights – his notice of appeal was filed out of time, and he waited almost three years after his conviction became final to file for postconviction relief. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *LaCava v. Kyler*, 398 F.3d 271, 276-77 (3d Cir. 2005). That lack of diligence in pursuing postconviction remedies cuts against any invocation of equitable tolling. Cochran cannot credibly allege that the legal arguments or facts were unavailable to him during the limitations period. In short, Cochran's claims are untimely under § 2244(d), and there is no basis upon which any relevant time may be tolled.

**II.** Alternatively, Cochran's claims are without merit. Under 28 U.S.C. § 2254(d), a habeas petitioner is not entitled to relief unless he can establish that the decision of the state court was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

*See Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir. 2002); *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 885 (3d Cir. 1999) (*en banc*); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 434 (D. Del. 1998). Moreover, factual determinations by state trial and appellate courts are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding. *See* §§ 2254(d)(2), (e)(1). *See also Williams v. Taylor,* 529 U.S. 362, 402-13 (2000); *Affinito v. Hendricks*, 366 F.3d 252, 256-57 (3d Cir. 2004); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000), *cert. denied*, 531 U.S. 1084 (2001). To the extent that there is United States Supreme Court precedent, none of the state court decisions rejecting Cochran's claims is contrary to that precedent. Further, the Delaware Supreme Court's application of the law to the claims was entirely reasonable. Finally, Cochran's seventh claim – the state judge's reliance on the findings of the Superior Court Commissioner – is only an attack on state postconviction procedure. That claim is not cognizable under §2254. The eighth claim, whether Cochran's appeal was timely, is only a question of state law. *Cf. Brown v. Allen*, 344 U.S. 443, 484-86 (1953). Should this Court conclude that Cochran's claims are, in fact, timely, respondents respectfully request to amend and supplement their answer to more fully address his claims.

<u>Conclusion</u>

Based upon a review of the record, it appears that transcripts of Cochran's plea colloquy and sentencing have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

<u>/s/ James T. Wakley</u>
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
DATE: June 13, 2008                              Del. Bar. ID No. 4612

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2008, I electronically filed the attached documents with the Clerk of Court using CM/ECF. I also hereby certify that on June 13, 2008, I will mail, by United States Postal Service, the same documents to the following non-registered participant:

Donald R. Cochran
SBI # 00201992
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ James T. Wakley
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4612
james.wakley@state.de.us

Date:  June 13, 2008