IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD R. COCHRAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-109-SLR |
| | ) | |
| PERRY PHELPS, Warden, | ) | |
| and JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

Donald R. Cochran.  Pro se petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

**MEMORANDUM OPINION**

March  3  , 2009
Wilmington, Delaware

ROBINSON, Judge

## I. INTRODUCTION

Currently before the court is petitioner Donald R. Cochran's ("petitioner")
application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. ) For
the reasons that follow, the court concludes that petitioner's § 2254 application is not
time-barred. The State shall file a supplemental answer addressing any other
procedural issues and the merits of the claims asserted in the application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In January 2002, the grand jury indicted petitioner on charges of first degree
burglary, first degree assault, possession of a deadly weapon during the commission of
a felony, first degree unlawful imprisonment, criminal mischief, and non-compliance
with a condition of a bond.  The charges stemmed from petitioner's invasion of the
home of Mary Naylor in Smyrna, Delaware, on the night of February 12, 2001.
Petitioner was looking for Naylor's son, Thomas, whom he had reaon to believe was
with Cochran's former girlfriend.  Once inside the house, Cochran assaulted Mary
Naylor, punching her in the face and hitting her in the head with a beer bottle.

In February 2003, petitioner entered *Robinson* guilty pleas to charges of first
degree burglary, first degree assault, and possession of a deadly weapon during the
commission of a felony. *Cochran v. State*, 931 A.2d 436 (Table), 2007 WL 1452725, at
*1 (Del. 2007).  The Superior Court sentenced petitioner on June 16, 2003 to a total of
thirty-two years of incarceration, suspended after serving eighteen years for various
levels of probation.  Petitioner and his counsel each filed a motion for correction of an
illegal sentence in September 2003, which the Delaware Superior Court denied in

December 2003.  Petitioner then filed a pro se notice of appeal, which the Delaware

Supreme Court denied as untimely on November 12, 2003.  *Cochran v. State*, 846 A.2d

237 (Table), 2003 WL 22701632 (Del. Nov. 12, 2003).

On February 1, 2005, petitioner filed a motion for modification of sentence, which

the Superior Court denied on April 4, 2005.  *See Cochran v. State*, 888 A.2d (Table),

2005 WL 3357633 (Del. Dec. 8, 2005).  The Delaware Supreme Court affirmed the

Superior Court's decision on December 8, 2005.  *Id.*

Petitioner filed a motion for post-conviction relief pursuant to Superior Court

Criminal Rule 61 ("Rule 61 motion") in February, 2006.  On January 22, 2007, the

Superior Court denied the Rule 61 motion on the grounds that the claims were

procedurally barred and that petitioner had failed to demonstrate that his counsel

provided ineffective assistance.  *See Cochran v. State*, 931 A.2d 436 (Table), 2007 WL

1452725 (Del. May 17, 2007).  The Delaware Supreme Court affirmed the Superior

Court's decision on May 17, 2007.  *Id.*

However, in December 2006, while his Rule 61 motion was still pending before

the Delaware Superior Court, petitioner filed a motion to correct an illegal sentence

pursuant to Superior Court Criminal Rule 35(a).  Petitioner argued that the sentences

imposed on the burglary and weapons convictions violated the Ex Post Facto Clause

because he was sentenced under provisions that had not been in effect when he

committed the crime.  Petitioner also alleged that counsel provided ineffective

assistance, and that the burglary sentence was imposed in violation of *Apprendi v. New

Jersey*, 530 U.S. 466 (2000) because it was greater than the statutory maximum.  On

2

January 22, 2007, the Superior Court denied the Rule 35 motion with respect to the claims pertaining to the weapons convictions and ineffective assistance. Yet, the Superior Court granted the motion with respect to the burglary sentence after determining that petitioner had been sentenced under the amended first degree burglary statute, not the version of the statute that was in effect when he committed the crime. Therefore, the Superior Court issued a corrected sentencing order reducing the sentence to ten (10) years of imprisonment at Level V, suspended after six years, followed by nine months at Level IV work release and a total of two years probation. Petitioner appealed, and on September 28, 2007, the Delaware Supreme Court vacated the corrected sentence and remanded the case to the Superior Court for re-sentencing because petitioner had not been present in the Superior Court with counsel when his burglary sentence was corrected. The Delaware Supreme Court affirmed the remainder of the Superior Court's rulings. *Cochran v. State*, 935 A.2d 955 (Table), 2007 WL 2812870 (Del. Sept. 28, 2007). The Superior Court re-sentenced petitioner in January 2008. (D.I. 19, Del. Super. Ct. Dkt.)

Petitioner filed the pending § 2254 application in February 2008. The application asserts eight claims: (1) the State violated petitioner's rights under the Interstate Agreement on Detainers and the Speedy Trial Clause; (2) trial counsel provided ineffective assistance; (3) the Superior Court erred by not holding an evidentiary hearing to determine if petitioner was competent to enter his *Robinson* plea; (4) the pre-sentence report completed prior to petitioner's sentencing was incomplete; (5) the Superior Court erred by not deeming one of petitioner's ineffective assistance of counsel claims admitted when counsel failed to answer one specific claim raised in the

3

Rule 61 motion; (6) petitioner's plea was involuntary because he was incorrectly advised of the maximum sentence he faced if found guilty on all charges; (7) the Superior Court judge erred by relying on the Superior Court Commissioner's Report and Recommendation rather than conducting his own fact-finding in petitioner's collateral proceeding; and (8) the Delaware Supreme Court erred by concluding that petitioner's appeal was untimely.

The court ordered the State to address whether petitioner exhausted his state remedies, whether any claim in the petition is barred by a procedural bar, non-retroactivity, or the statute of limitations, and to respond to the allegations asserted in the application. (D.I. 7) The State filed an answer requesting the court to dismiss the application in its entirety because the claims are time-barred. (D.I. 15) In addition, after cursorily asserting that none of claims in the petition warrant relief under § 2254(d)(1), the State requests an opportunity to "amend and supplement [its] answer to more fully address [petitioner's] claims" if the court determines that the application is timely. (D.I. 15, at p. 6)

## III. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

4

the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated February 16, 2008, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Because he does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D), the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal his conviction, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for filing an appeal in the state's highest court. *See Kapral v. United States*, 166 F.3d 565, 576(3d Cir. 1999). In this case, the Superior Court sentenced petitioner on June 16, 2003 and, because petitioner did not file a timely appeal, his conviction became final thirty days thereafter, on July 16, 2003. Focusing only on this portion of petitioner's criminal proceedings, one would conclude that petitioner had to file his § 2254 application by July 16, 2004 in order to comply with the one-year limitations period. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

5

However, on January 22, 2007, the Superior Court corrected petitioner's sentence for the burglary conviction. Petitioner appealed and, on September 22, 2007, the Delaware Supreme Court vacated the corrected burglary sentence because petitioner was not present when the Superior Court re-sentenced him in January 2007. The case was remanded back to Superior Court for re-sentencing, and the Superior Court re-sentenced petitioner on January 30, 2008. (D.I. 19, Del. Super. Ct. Dkt.)

The State filed its answer to petitioner's application in June 2008, asserting that the application should be denied in its entirety as time-barred because the pertinent triggering date for the limitations period was the date on which petitioner's conviction became final in 2003. Although the State acknowledges the fact that petitioner was re-sentenced on his burglary conviction in January 2008, it does not view that date as a possible starting date for the limitations period "[b]ecause [petitioner] has not raised any challenge to the modified sentence imposed by [the] Superior Court in January 2008[.]" (D.I. 15, at p. 3 n.1 (citing *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004)(statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis).)

Inexplicably, the State fails to acknowledge the 2007 United States Supreme Court decision, *Burton v. Stewart*, 549 U.S. 147 (2007), which explains that the term "final judgment in a criminal case" as referred to in § 2244(d)(1)(A) means "sentence . . . [t]he sentence is the judgment." *Id.* at 156-57.   As explained in federal habeas cases decided subsequent to *Burton*, when a petitioner has been re-sentenced or has received an amended sentence, it is the underlying conviction and the most recent sentence authorizing the petitioner's detention that, taken together, constitute the relevant judgment for § 2244(d)(1)(A) purposes. *See, e.g., Ferreira v. Sec'y, Dep't of*

6

*Corr.*, 494 F.3d 1286,1291-93 (11th Cir. 2007); *Sites v. Sec'y, Dep't of Corr.*, 278 F.

App'x. 933, 935 (11th Cir. 2008); *Walker v. Perlman*, 556 F. Supp. 2d 259, 263

(S.D.N.Y. 2008). Thus, in cases involving re-sentencings, the petitioner's judgment

becomes final, and AEDPA's limitations period begins to run, from the date on which

direct review of a re-sentencing or an amended sentence expires. *See generally id.*

Applying *Burton* and its progeny to petitioner's case, the court determines that

the "judgment" triggering the one-year statute of limitations under § 2244(d)(1)(A) is

petitioner's re-sentencing on January 22, 2008. In turn, that judgment became final on

February 21, 2008, the date on which the thirty (30) day appeal period expired.[1]

Measuring the one-year time period from that date, the court concludes that petitioner

timely filed his application on February 16, 2008.[2]

## IV. CONCLUSION

For the reasons set forth above, the court concludes that petitioner has timely

filed his application. Considering the cursory fashion in which the State has addressed

the merits of the claims contained in the application or any procedural issues related

---

[1]The record is silent as to whether petitioner appealed his January 2008 re-sentencing. Although the issue of petitioner's re-sentencing appeal does not alter the court's conclusion regarding the timeliness of the instant application, the court does not address whether or not this issue raises other possible procedural concerns with the application.

[2]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998); *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing, and thus, of filing). Petitioner's application is dated February 16, 2008 and, presumably, he could not have delivered it to prison officials for mailing any earlier than that date.

7

thereto, the State shall have until March 31, 2009 to supplement its answer.  An appropriate order shall issue.