IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DONALD R. COCHRAN,                    )
                                      )
              Petitioner,             )
                                      )
       v.                             )      Civil Action No. 08-109-SLR
                                      )
PERRY PHELPS, Warden,                 )
and JOSEPH R. BIDEN, III,             )
Attorney General of the State         )
of Delaware,                          )
                                      )
                                      )
              Respondents.            )

_____

Donald R. Cochran.  Pro se petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice,
Wilmington, Delaware.  Counsel for respondents.

_____


**MEMORANDUM OPINION**


June    5      , 2009
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Currently before the court is petitioner Donald R. Cochran's ("petitioner")

application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (D.I. 1)  For

the reasons that follow, the court will dismiss petitioner's application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In January 2002, petitioner was indicted on charges of first degree burglary, first

degree assault, possession of a deadly weapon during the commission of  a felony, first

degree unlawful imprisonment, criminal mischief, and non-compliance with a condition

of a bond.   The charges stemmed from petitioner's invasion of the home of Mary

Naylor ("Naylor") in Smyrna, Delaware, on the night of February 12, 2001.  Petitioner

was looking for Naylor's son, Thomas, whom he had reason to believe was with his

former girlfriend.  Once inside the house, petitioner assaulted Naylor, punching her in

the face and hitting her in the head with a beer bottle.  *See  Cochran v. State*, 931 A.2d

436 (Table), 2007 WL 1452725, at *1 (Del. 2007).

In February 2003, petitioner entered *Robinson* pleas (i.e., "no contest") to

charges of first degree burglary, first degree assault, and possession of a deadly

weapon during the commission of a felony.  In exchange, the prosecution agreed to

enter nolle prosequis on the remaining counts of the indictment and to recommend no

more than eighteen years imprisonment at sentencing.  (D.I. 19, *Cochran v. State*, Nos.

50,2007 & 51, 2007, State's Ans. Br. at p. 6)  On June 16, 2003, the Superior Court

sentenced petitioner to a total of thirty-two years of incarceration, suspended after

serving eighteen years for various levels of probation.  Petitioner and his counsel each

filed a motion for correction of an illegal sentence in September 2003, which the

Delaware Superior Court denied in December 2003. Petitioner then filed a pro se

notice of appeal, which the Delaware Supreme Court denied as untimely on November

12, 2003. *Cochran v. State*, 846 A.2d 237 (Table), 2003 WL 22701632 (Del. Nov. 12,

2003).

On February 1, 2005, petitioner filed a motion for modification of sentence. The

Superior Court denied the motion on April 4, 2005, and the Delaware Supreme Court

affirmed the Superior Court's decision on December 8, 2005. *See Cochran v. State*,

888 A.2d 231 (Table), 2005 WL 3357633 (Del. Dec. 8, 2005).

Petitioner filed a motion for post-conviction relief pursuant to Superior Court

Criminal Rule 61 ("Rule 61 motion") in February 2006. On January 22, 2007, the

Superior Court denied the Rule 61 motion on the grounds that the claims were

procedurally barred and that petitioner had failed to demonstrate that his counsel

provided ineffective assistance. *See Cochran v. State*, 931 A.2d 436 (Table), 2007 WL

1452725 (Del. May 17, 2007). The Delaware Supreme Court affirmed the Superior

Court's decision on May 17, 2007. *Id.*

However, in December 2006, while his Rule 61 motion was still pending before

the Delaware Superior Court, petitioner filed a motion to correct an illegal sentence

pursuant to Superior Court Criminal Rule 35(a). Petitioner argued that the sentences

imposed on the burglary and weapons convictions violated the ex post facto clause

because he was sentenced under provisions that had not been in effect when he

committed the crime. Petitioner also alleged that counsel provided ineffective

assistance, and that the burglary sentence was imposed in violation of *Apprendi v. New*

2

*Jersey*, 530 U.S. 466 (2000), because it was greater than the statutory maximum. On January 22, 2007, the Superior Court denied the Rule 35 motion with respect to the claims pertaining to the weapons convictions and ineffective assistance of counsel, but granted the motion with respect to the burglary sentence after determining that petitioner had been sentenced under an amended version of the first degree burglary statute rather than the version of the statute that was in effect when he committed the crime. The Superior Court issued a corrected sentencing order reducing the sentence to ten (10) years of imprisonment at Level V, suspended after six years, followed by nine months at Level IV work release and a total of two years probation. Petitioner appealed and, on September 28, 2007, the Delaware Supreme Court vacated the corrected sentence and remanded the case to the Superior Court for re-sentencing because petitioner had not been present in the Superior Court with counsel when his burglary sentence was corrected. The Delaware Supreme Court affirmed the remainder of the Superior Court's rulings. *Cochran v. State*, 935 A.2d 255 (Table), 2007 WL 2812870 (Del. Sept. 28, 2007). The Superior Court re-sentenced petitioner in January 2008. (D.I. 19, Del. Super. Ct. Dkt.)

Petitioner filed the pending § 2254 application in February 2008. The State filed an answer requesting the court to dismiss the application in its entirety because the claims are time-barred. (D.I. 15) In a memorandum opinion dated March 3, 2009, the court concluded that the application was timely filed and ordered the State to file a supplemental answer that more fully addresses petitioner's claims. (D.I. 21) The State filed its supplemental answer on March 31, 2009. (D.I. 23) The application is ready for review.

## III. GOVERNING LEGAL PRINCIPLES

### A. Exhaustion and Procedural Default

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). One prerequisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351 (1989); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). If the petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Harris v. Reed, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court

4

does not review the claims. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750-51; *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## B. Standard of Review

If a federal court determines that a federal habeas claim is not procedurally

defaulted and that the state's highest court adjudicated the merits of the claim, then a

federal court can only grant habeas relief if the state court's adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v.*

*Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A state court has adjudicated a claim on the

merits for the purposes of 28 U.S.C. § 2254(d) if the state court "decision finally

resolv[es] the parties' claims, with res judicata effect, [and] is based on the substance of

the claim advanced, rather than on a procedural, or other ground." *Rompilla v. Horn*,

355 F.3d 233, 247 (3d Cir. 2004)(internal citations omitted), *rev'd on other grounds by*

*Rompilla v. Beard*, 545 U.S. 374 (2005).

On federal habeas review, a district court must presume that a state court's

implicit and explicit determinations of factual issues are correct. 28 U.S.C. §

2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). This presumption

is only rebutted by clear and convincing evidence to the contrary. *Id.*; *Miller-El v.*

*Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in §

2254(e)(1) applies to factual issues, whereas the unreasonable application standard of

§ 2254(d)(2) applies to factual decisions).

6

## IV. DISCUSSION

Petitioner asserts eight claims in his application: (1) the State violated petitioner's rights under the Interstate Agreement on Detainers and the Speedy Trial Clause; (2) trial counsel provided ineffective assistance; (3) the Superior Court erred by not holding an evidentiary hearing to determine if petitioner was competent to enter his *Robinson* pleas; (4) the pre-sentence report completed prior to petitioner's sentencing was incomplete because it did not contain mitigating evidence;[1] (5) the Superior Court erred by not deeming one of petitioner's ineffective assistance of counsel claims admitted when counsel failed to answer one specific claim raised in the Rule 61 motion; (6) petitioner's plea was involuntary because he was incorrectly advised of the maximum sentence he faced if found guilty on all charges; (7) the Superior Court judge erred by relying on the Superior Court Commissioner's Report and Recommendation rather than conducting his own fact-finding in petitioner's collateral proceeding; and (8) the Delaware Supreme Court erred by concluding that petitioner's appeal was untimely. In its supplemental answer, the State requests the court to deny claims one, three, and six as procedurally barred from habeas review, claims five and seven for failing to present issues cognizable on federal habeas review, and claims two, four, and eight as meritless. (D.I. 23)

---

[1]More specifically, petitioner contends that the State violated *Brady v. Maryland,* 373 U.S. 83 (1963), by not including the following facts in the presentence report: (1) petitioner had relationship problems with his former girlfriend because she cheated on him with one of his friends; (2) petitioner heavily used drugs and alcohol; (3) petitioner attacked Naylor while he was suffering from a "blackout" and has no recollection of his actions; (4) the crime was one of passion; (5) his father violently abused him as a child, which caused petitioner to use drugs and alcohol as a way to escape; and (6) petitioner had been involuntarily committed to the Delaware Psychiatric Center.

7

## A. Claim Eight

Petitioner was sentenced on June 16, 2003.  Pursuant to Delaware Supreme

Court Rule 6, a timely notice of appeal should have been filed in petitioner's case on or

before July 16, 2003.  *Cochran*, 2003 WL 22701632, at *1.  Upon receipt of petitioner's

notice of appeal, the Delaware Supreme Court determined that petitioner did not file his

notice of appeal until July 18, 2003, two days after the expiration of the thirty-day

appeal period,[2] and issued an order instructing petitioner to show cause why his notice

of appeal should not be denied as untimely.  Petitioner responded that his late filing

was due to the fact that the Department of Correction failed to supply him with paper

and pen for approximately ten days.  The Delaware Supreme Court rejected this

argument and dismissed petitioner's appeal as untimely because the alleged ten day

delay still did not explain why petitioner was not "able to file his appeal within the thirty-

day appeal period."  *Id.*

Now, in claim eight, petitioner contends that the Delaware Supreme Court

incorrectly denied his notice of appeal as untimely.  Petitioner alleges that he filed the

notice of appeal within the requisite thirty-day period because he sent the notice to the

Delaware Supreme Court on July 15, 2003 via overnight mail and, therefore, the notice

of appeal was at the courthouse on July 16, 2003.  (D.I. 17 at p. 2)

As an initial matter, the court rejects petitioner's specious contention that the

Delaware Supreme Court must have received his notice of appeal on July 16, 2006

---

[2]Delaware courts do not follow a prisoner mailbox rule.  Therefore, petitioner's notice of appeal was filed when it was received by the Office of the Clerk, not at the moment he placed the notice in the mail.  *See Carr v. State*, 554 A.2d 778 (Del. 1989).

8

because he sent the notice of appeal to the state court via "overnight mail" on July 15, 2003. Although petitioner has provided a copy of a receipt for "express mail" dated July 15, 2003, the receipt does not demonstrate that the item sent on July 15, 2003 actually was petitioner's notice of appeal. Rather, it appears that the item sent by express mail was correspondence from petitioner's mother.[3]

Moreover, the record supplied by the State contains a copy of petitioner's notice of appeal, dated July 10, 2003, with a copy of an undated certified mail receipt, which contains a different article number from the number on the express mail receipt dated July 15, 2003. *See* (D.I. 19) The notice of appeal is date-stamped July 18, 2003. Based on this record, the court concludes that petitioner has failed to demonstrate that Delaware Supreme Court actually received petitioner's notice of appeal on July 16, 2003. In turn, given the absence of any clear and convincing evidence to the contrary, the court must accept as correct the Delaware Supreme Court's factual finding that the notice of appeal was received and, therefore, filed on July 18, 2003. *See* § 2254(e)(1). For this reason, the court concludes that claim eight is factually baseless.

Alternatively, the record reveals that petitioner did not present claim eight to the Delaware Supreme Court in his response to the Delaware Supreme Court's order to show cause, or to the Delaware State Courts in his state collateral proceeding and subsequent post-conviction appeal. Any attempt to raise this argument in a new Rule 61 motion would be barred by Delaware Superior Court Criminal Rule 61(i)(2). *See*

---

[3]The "express mail" was sent by someone named C.E. Richardson in Dover, Delaware to the Delaware Supreme Court. *See* (D.I. 2, at p. 504)  The Superior Court docket indicates that the item was correspondence from petitioner's mother. *See* (D.I. 19, Del. Super. Ct. Dkt., Entry No. 19)

*Lawrie v. Snyder*, 9 F. Supp. 2d 428, 453 (D. Del. 1998)(Rule 61(i)(2) bars any ground for relief that was not asserted in a prior proceeding). Therefore, claim eight is procedurally defaulted.

Petitioner does not present any cause for his failure to raise this claim in his response to the Delaware Supreme Court's order to show cause or in his Rule 61 motion and subsequent post-conviction appeal. Given petitioner's failure to demonstrate cause, the court will not address the issue of prejudice. In turn, petitioner has not provided any new reliable evidence of his actual innocence, thereby precluding the court's review of the claim under the miscarriage of justice exception to the procedural default doctrine. Accordingly, the court also denies claim eight as procedurally barred from habeas review.

### B. Claims One, Three, Four, and Six Are Procedurally Barred

Petitioner presented claims one, three, and four to the Delaware Supreme Court on post-conviction appeal. The Delaware Supreme Court denied all three claims as procedurally barred under Delaware Superior Court Criminal Rule 61(i)(3) because petitioner did not present the claims in a timely filed direct appeal. By denying claims one, three, and four under Rule 61, the Delaware Supreme Court plainly stated that its decision rested on state law grounds. *Harris v. Reed*, 489 U.S. 255, 263-64 (1989). This court has consistently held that Rule 61 is an independent and adequate state procedural rule precluding federal habeas review. *See McCleaf v. Carroll*, 416 F. Supp. 2d 283, 296 (D. Del. 2006); *Mayfield v. Carroll*, 2005 WL 2654283 (D. Del. Oct. 11, 2005). Therefore, the court cannot review claims one, three, and four on the merits

absent a showing of cause and prejudice, or a miscarriage of justice.

In turn, although petitioner presented claim six to the Delaware Supreme Court on post-conviction appeal, he did not present the claim in the first instance to the Delaware Superior Court. Consequently, applying Delaware Supreme Court Rule 8, the Delaware Supreme Court refused to consider the merits of claim six on post-conviction appeal. *Cochran*, 2007 WL 1452725, at *2. The Court of Appeals for the Third Circuit has explicitly held that Delaware Supreme Court Rule 8 constitutes an independent and adequate state procedural rule for procedural default purposes. *See Campbell v. Burris*, 515 F.3d 172 (3d Cir. 2008). Thus, the court can only review the merits of claim six if petitioner establishes cause and prejudice, or a miscarriage of justice.

Petitioner appears to blame counsel for his default of claims one, three, and four by arguing that: (1) defense counsel was ineffective for not filing the notice of appeal for him; and (2) he actually timely filed his notice of appeal on July 16, 2003, rather than on July 18, 2003 (the same argument raised in claim eight). Petitioner did not present either of these arguments to the Delaware Supreme Court. Consequently, these two allegations are themselves procedurally defaulted and cannot excuse petitioner's procedural default of claims one, three, and four. *See Edwards v. Carpenter*, 529 U.S. 446, 453-54 (2000). As for claim six (involuntary plea), petitioner does not assert, and the court cannot discern, any cause for his failure to raise the issue to the Superior Court during his plea colloquy, sentencing hearing, or Rule 61 proceeding.

In the absence of cause, the court will not address the issue of prejudice. Moreover, the miscarriage of justice exception to the procedural default doctrine does not excuse petitioner's default because he has not provided new reliable evidence of

11

his actual innocence. Accordingly, the court will dismiss claims one, three, four and six as procedurally barred.

### C. Claims Five and Seven Fail to Present Issues Cognizable In This Proceeding

In claim five, petitioner contends that the Superior Court should have accepted as "admitted" petitioner's Rule 61 argument that counsel was ineffective for failing to investigate his psychiatric history because counsel failed to address this argument in his Rule 61 affidavit. In claim seven, petitioner contends that the Superior Court judge who denied his Rule 61 motion committed a "professional error" by relying upon the conclusions of a Superior Court Commissioner because the judge should have conducted his own fact finding.

It is well-settled that claims asserting a violation of a state law, or challenging a state court's interpretation of state law, are not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991); *Smith v. Phillips*, 455 U.S. 209, 211 (1982); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975); *Johnson v. Rosemeyer*, 117 F.3d 104, 109 (3d Cir. 1997). Further, the "federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's **collateral** proceedings does not enter into the habeas calculation." *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998)(emphasis added).

Here, claims five and seven assert state law errors that are not cognizable on federal habeas review. Moreover, both claims challenge the Superior Court's analysis in petitioner's state collateral proceeding; they do not present any challenge to his

12

criminal case. Accordingly, the court will deny claims five and seven because they do
not present proper grounds for habeas relief.

### D. Claim Two Does Not Warrant Relief Under § 2254(d)(1)

In claim two, petitioner contends that his trial counsel provided ineffective
assistance by: (1) coercing him into accepting a plea; (2) failing to file a motion to
dismiss the indictment against him based on violations of the Interstate Agreement on
Detainers and the Speedy Trial Clause prior to the day of trial; (3) failing to investigate
petitioner's psychiatric history and move for an evidentiary hearing to determine if
petitioner was competent to stand trial; and (4) failing to investigate mitigating evidence
that could have been used at sentencing. Petitioner presented all four arguments to the
Delaware Supreme Court on post-conviction appeal, and the Delaware Supreme Court
denied them as meritless. Therefore, the court can only grant relief if the Delaware
Supreme Court's decision was either contrary to, or an unreasonable application of,
clearly established Federal law.

The "clearly established [f]ederal law" which governs ineffective assistance of
counsel claims is the two-pronged standard enunciated in *Strickland v. Washington*,
466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003).
Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's
representation fell below an objective standard of reasonableness," with
reasonableness being judged under professional norms prevailing at the time counsel
rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong,
a petitioner must demonstrate "there is a reasonable probability that, but for counsel's

13

error[s] the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688. In the context of a guilty plea, a petitioner satisfies *Strickland*'s prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart,* 474 U.S. 52, 58 (1985). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland,* 466 U.S. at 689.

Here, the Delaware Supreme Court affirmed the Superior Court's denial of petitioner's ineffective assistance of counsel claims because there was no evidence that petitioner would have insisted on proceeding to trial "but for" his counsel's alleged deficiencies. In other words, the Delaware Supreme Court concluded that petitioner failed to establish prejudice under *Strickland* and *Hill.*

As an initial matter, the court notes that the Delaware Supreme Court correctly identified the *Strickland/Hill* standard and analyzed the instant ineffective assistance of counsel allegations within its framework. Thus, the court concludes that the Delaware Supreme Court's denial of petitioner's four ineffective assistance of counsel allegations was not contrary to clearly established Supreme Court precedent . *See Williams,* 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The court must also determine whether the Delaware State Courts reasonably

14

applied the *Strickland/Hill* standard in denying petitioner's assertions regarding counsel's performance.  The court will review the Delaware Supreme Court's decision with respect to petitioner's individual ineffective assistance of counsel claims in seriatim.

### 1. Counsel coerced petitioner into entering a plea

The Rule 61 motion petitioner presented to the Superior Court implicitly alleged that counsel coerced him to enter the *Robinson* pleas.  In considering this claim, the Superior Court followed Supreme Court precedent and reviewed the plea colloquy to determine whether petitioner entered his pleas voluntarily and knowingly waived his constitutional rights. *See Cochran*, ID No. 0102010757, at p.15 (citing *Godinez v. Moran*, 509 U.S. 389, 400 (1993)).  The Superior Court described how the trial judge asked petitioner whether he understood the nature of the charges and the consequences of his pleading guilty, whether he was voluntarily pleading guilty, whether he understood that he would be waiving his constitutional rights by pleading guilty, whether he understood each of the constitutional rights listed on the guilty plea form, and whether he gave truthful answers on that form.  The trial judge also asked petitioner if he had discussed the guilty plea and its consequences fully with his attorney, if he was satisfied with his counsel's performance, and if he was entering the *Robinson* pleas of his own free will because there was sufficient evidence to prove his guilt.  Petitioner answered each of these questions clearly and affirmatively.

In addition, the Superior Court reviewed the guilty plea form that petitioner filled out and signed prior to entering his *Robinson* pleas.  Based on the answers contained therein and on petitioner's statements during the plea colloquy, the Superior Court

15

concluded that petitioner understood the constitutional rights he was relinquishing by pleading guilty to the charges listed on the plea agreement. Therefore, the Superior Court held that petitioner's *Robinson* pleas were entered knowingly and voluntarily. *Cochran*, ID No. 0102010757, at p. 16.

It is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that creates a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea is valid if made "voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). After reviewing the instant claim within the framework established by these precedents, the court concludes that the Delaware Supreme Court reasonably applied the *Strickland/Hill* standard in denying the petitioner's claim that counsel coerced him to plead guilty. The transcript of petitioner's plea colloquy contains petitioner's clear and explicit statements that nobody threatened or forced him to enter the *Robinson* pleas, that he had discussed his case with defense counsel, and that he was satisfied with his counsel's representation. The transcript also reveals that the judge informed petitioner that he faced a total maximum sentence of fifty years and a total minimum mandatory sentence of four years under the plea agreement.

In this proceeding, petitioner has not provided anything other than his conclusory allegation that he was coerced into entering the *Robinson* pleas. This unsupported contention fails to overcome the formidable barrier created by the statements petitioner

made during the plea colloquy and on the guilty plea form. Therefore, the court concludes that the Delaware Supreme Court reasonably applied the *Strickland/Hill* standard in denying petitioner's complaints regarding counsel's alleged coercive behavior. Accordingly, the court will deny this particular allegation for failing to satisfy § 2254(d).

## 2. Counsel's failure to raise IAD and speedy trial arguments

A criminal defendant who "has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, [] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Consequently, a defendant who pleads guilty waives the right to a speedy trial, as well as the right to claim rights under the provisions of the IAD. *Washington v. Sobina*, 475 F.3d 162, 166 (3d Cir. 2007); *United States v. Fulford*, 825 F.2d 3, 10 (3d Cir. 1987).

According to Third Circuit precedent and Delaware law, a defendant's plea of no contest has the same legal consequences as a guilty plea.[4] *See United States v. Adedoyin*, 369 F.3d 337, 344 (3d Cir. 2004); *see also V.F.W. Holding Co. v. Delaware Alcoholic Beverage Control Comm.*, 252 A.2d 122, 123 n.1 (Del. Super. Ct. 1969); Del. Super. Ct. Crim. R. 11. The court has already concluded that petitioner's *Robinson* pleas (i.e., no contest) were voluntary and knowing. As a result, petitioner waived any speedy trial claims and claims based on alleged violations of the IAD when he entered

---

[4]However, a plea of no contest is a "confession only for the purpose of the criminal prosecution, and does not bind the defendant in a civil suit for the same wrong." *Berlin v. United States*, 14 F.2d 497, 498 (3d Cir. 1926).

his *Robinson* pleas. Therefore, the court concludes that the Delaware Supreme Court's decision does not warrant habeas relief because petitioner cannot demonstrate that he was prejudiced by counsel's failure to raise the meritless arguments regarding speedy trial and IAD violations.

### 3. Counsel failed to request an evidentiary hearing to determine petitioner's competency

In his Rule 61 motion, petitioner argued that counsel was ineffective for failing to move for an evidentiary hearing to determine his competency. The Superior Court rejected this argument because there was nothing in the record to even remotely suggest that petitioner was incompetent at the time he entered his *Robinson* pleas. The Superior Court noted that petitioner completed both the plea agreement and the guilty plea form; he engaged in a lengthy discussion with the plea colloquy judge concerning his options for pursuing a motion to dismiss and a plea agreement; he asked pertinent and probing questions during the colloquy; and he was able to correct a factual mistake provided by counsel during the colloquy. Therefore, the Superior Court found that counsel performed effectively because there was no indication that petitioner was not competent to enter a plea.

The legal standard for determining a defendant's competency to enter a guilty plea is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding  - and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402 (1960); *Godinez v. Moran,* 509 U.S. 389, 399 (1993). A court is not required to "make a competency determination in every case in which a defendant

18

seeks to plead guilty;" rather, "a competency determination is necessary only when a court has reason to doubt a defendant's competence." *Godinez*, 509 U.S. at 401 n. 13.

In this proceeding, petitioner appears to contend that counsel should have requested a competency hearing before petitioner entered his *Robinson* pleas due to the fact that petitioner was committed to the Delaware Psychiatric Center in 1999 for cocaine and alcohol abuse. However, the fact that petitioner was committed for drug and alcohol abuse in 1999 does not, on its own, demonstrate that petitioner was unable to consult with his lawyer or rationally understand the proceedings against him in 2003; rather, the issue is petitioner's ability at the time of the plea process and whether there was reason to doubt his competence.

Here, the record supports the State Courts' conclusion that petitioner was competent to enter the *Robinson* pleas. The exchanges between petitioner and the trial court during the plea colloquy reveal that petitioner was able to respond clearly and properly to the judge's questions and demonstrate that petitioner was aware of the proceedings against him. Moreover, petitioner does not assert, and the record does not indicate, that he engaged in any conduct that would have caused defense counsel to question his competence during the plea proceedings. Therefore, the court concludes that the Delaware Supreme Court reasonably applied *Strickland* and *Hill* in determining that petitioner could not demonstrate that he was prejudiced by counsel's failure to move for a competency hearing.

### 4. Counsel's failure to present mitigating evidence at sentencing

Petitioner contends that counsel performed ineffectively by failing to present

19

mitigating evidence during his sentencing hearing. The Superior Court rejected this argument on collateral review because petitioner failed to identify the mitigating evidence he believed counsel should have presented and, also, because petitioner failed to demonstrate how such evidence would have affected his sentence. The Superior Court specifically noted that when petitioner was given an opportunity to present additional information during his sentencing hearing, petitioner did not do so; rather, he apologized for committing the crime.

In this proceeding, petitioner suggests that counsel could have presented letters written by others on petitioner's behalf as mitigating evidence. (D.I. 1, memorandum, at p. 6) Petitioner, however, has not provided the letters or described their contents, thereby rendering the possible mitigating effect of the letters undeterminable. As a result, petitioner cannot demonstrate that he was prejudiced by counsel's failure to present such letters during the sentencing hearing.

Petitioner also asserts that counsel should have presented unidentified "mental concerns" of petitioner as mitigating evidence. However, the transcript of the sentencing hearing reveals that both defense counsel and petitioner described petitioner's relationship difficulties, as well as his extremely intoxicated state at the time of the crime. Petitioner has failed to demonstrate how the presentation of some vague and unidentified "mental concerns" would have affected his sentence. Therefore, the court concludes that the Delaware Supreme Court reasonably applied *Strickland* and *Hill* in affirming the Superior Court's denial of petitioner's fourth allegation of ineffective assistance for lack of prejudice.

## V. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* Third Circuit L.A.R. 22.2 (2008). The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

For the reasons stated above, the court concludes that petitioner's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## VI. CONCLUSION

For foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254.

An appropriate order will be entered.

21